UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| L.I.S.T., INC., On Behalf of Itself and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) ) | No.: 7:05-CV-02189 (CM) |
| v. | ) ) ) | |
| VEECO INSTRUMENTS, INC., EDWARD H. BRAUN, and JOHN F. REIN, JR., | ) ) ) ) | |
| Defendants. | ) ) | |
| ROY P. KERSHAW, Individually and on Behalf behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | No.: 7:05-CV-02929 (CM) |
| VEECO INSTRUMENTS, INC., EDWARD H. BRAUN, and JOHN F. REIN, JR | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JOEL MANDEL'S MOTION TO CONSOLIDATE THE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

Joel Mandel ("Movant" or "Mandel"), respectfully submits this memorandum of law in support of his motion:

1.  To consolidate all of the above captioned actions pursuant to Federal Rules of Civil Procedure 42(a); and,

2.  For an Order, pursuant to Section 21D(a)(3)(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a) appointing Mandel as Lead Plaintiff for the Class of all persons who purchased or otherwise acquired the securities of Veeco Instruments, Inc. ("Veeco" or the "Company"), during the period between April 26, 2004 and February 10, 2005, inclusive (the "Class Period"), and

(b) approving the selection of the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Lead Counsel for the Class.

Because Movant has apparently suffered the largest financial losses of any single investor, he is presumptively the most adequate Lead Plaintiff to act on behalf of the Class pursuant to the PSLRA.[1]

## BACKGROUND

These cases involve class actions brought on behalf of all persons or entities who purchased or otherwise acquired the securities of Veeco during the period between April 26, 2004 and February 10, 2005, inclusive (the "Class Period"). In addition, eight similar cases were filed in the United States District Court for the Eastern District of New York. These actions seek remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). Plaintiffs complain of a fraudulent scheme, a deceptive course of business and the dissemination of false and misleading financial statements that injured purchasers of Veeco securities during the Class Period.

Veeco designs, manufactures, markets and services a broad line of equipment primarily used by manufacturers in the data storage and semiconductors industry. Prior to the start of the

---

[1] *See* Declaration of Catherine A. Torell in Support of Joel Mandel's Motion For Appointment As Lead Plaintiff And For Approval of Lead Plaintiff's Choice of Counsel (the "Torell Declaration") setting forth the calculation of Mandel's damages at Exhibit B.

Class Period, on November 3, 2003, the Company announced the acquisition of Emcore Corporation's TurboDisc® Metal Organic Chemical Vapor Deposition (MOCVD) business.

Throughout the Class Period, defendants issued numerous positive statements and filed quarterly reports with the SEC which described the Company's increasing financial performance due in part to the success of its TurboDisc division. In fact, defendants reported that the Company exceeded its quarterly guidance for the first and second quarters of 2004.

These statements were materially false and misleading because they failed to disclose and misrepresented the following adverse facts, among others: (a) Veeco, at all relevant times lacked adequate internal controls and, therefore, defendants' class-period statements with respect to Veeco's financial condition and performance were unreliable; (b) Veeco overstated its net revenue for the first three quarters of 2004 by at least $7.5 million; and (c) Veeco's financial statements were not prepared in accordance with GAAP (Generally Accepted Accounting Principles)

Then, on February 11, 2005, Veeco announced that it would delay releasing its fourth-quarter and yearly results while it examines improper accounting at its TurboDisc division. According to the press release, the Company's investigation is focusing mainly on the value of inventory, accounts payable and certain revenue items. Upon announcing this news, shares of the Company's stock fell $1.90 per share, or almost 10%, to close at $16.96 per share, on unusually heavy trading volume.

## ARGUMENT

### III. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Plaintiff L.I.S.T., Inc. commenced Case No. 7:05cv02189 on February 15, 2005, naming

Veeco Instruments, Inc., Edward H. Braun, and John F. Rein, Jr. as defendants. Presently pending in this district is a second related securities class action (collectively, the "Related Actions") filed against Veeco and certain of Veeco's officers and/or directors, captioned Kershaw v. Veeco Instruments, Inc., et al., Case No. 7:05cv02929.

The Related Actions are appropriate for consolidation pursuant to Rule 42(a) of the Federal Rules of Civil Procedure because each action asserts substantially the same claims and raises substantially the same questions of fact and law.[2] Each of the Related Actions alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. Hence, numerous factual and legal issues are common to the Related Actions including, inter alia, whether the federal securities laws were violated by defendants' acts, whether defendants' statements during the Class Period misrepresented and/or omitted material facts, whether defendants pursued the fraudulent scheme and course of conduct complained of, whether defendants acted intentionally or recklessly, whether the market price of Veeco's securities was artificially inflated due to the activities complained of, and the extent and measure of damages sustained by the Class.

Because the Related Actions concern substantially the same legal and factual issues and name the same defendants, plaintiff requests that this Court consolidate the Related Actions into

---

[2] Eight similar cases were also filed in the United States District Court for the Eastern District of New York: *McIntosh v. Veeco Instruments, Inc. et al.*, 05-CV-00889, filed on February 16, 2005, *Linzer v. Veeco Instruments, Inc. et al.*, 05-CV-00957, filed on February 18, 2005, *Kantor v. Veeco Instruments, Inc. et al.*, 05-CV-00967, filed on February 18, 2005, *Walker v. Veeco Instruments, Inc. et al.*, 05-CV-01003, filed on February 23, 2005, *Collins v. Veeco Instruments, Inc. et al.*, 05-CV-01277, filed on March 9, 2005, *Holthuizen v. Veeco Instruments, Inc. et al.*, 05-CV-01337, filed on March 11, 2005, *Vogt v. Veeco Instruments, Inc. et al.*, 05-CV-01430, filed on March 18, 2005, and *Grove v. Veeco Instruments, Inc. et al.*, 05-CV-01552, filed on March 24, 2005.

one action for all purposes including, but not limited to, pre-trial and trial proceedings and appeal.

The Federal Rules of Civil Procedure allow this Court to order consolidation of separate actions:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed R. Civ. Proc. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *Manual for Complex Litigation (3d)* § 20.123, at 13-14 (1995).

The Private Securities Litigation Reform Act of 1995 also contemplates consolidation of shareholder class action suits by providing:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes of for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a) (3) (B) (i)] until after the decision on the motion to consolidate is rendered.

Exchange Act §21D(a)(3)(B)(ii). Here, the Related Actions allege similar factual and legal grounds to support allegations of violations by Veeco and the "Individual Defendants" of Section 10(b) of the Exchange Act.

Thus, both Rule 42 and the PSLRA support consolidation of the Related Actions and plaintiff respectfully asks the Court to grant this consolidation motion. The above-referenced cases should be consolidated pursuant to Federal Rules of Civil Procedure 42(a) for all purposes.

## IV. THE MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

A notice of the pendency of the case was duly published on February 15, 2005. *See* Torell Declaration, Exhibit A. Movant files this motion prior to expiration of the 60-day period

from publication of this notice.

### A. The Court Should Appoint Mandel To Serve As Lead Plaintiff

Mandel seeks entry of an Order (i) appointing him as Lead Plaintiff; and (ii) approving his selection of Lead Counsel for the Class. Movant meets the criteria under §21D(a)(3)(B)(iii)(I) of the Exchange Act, as noted below, and respectfully urges the Court to grant its motion.

#### 1. Movant Has Timely Filed A Motion to Serve as a Lead Plaintiff

Exchange Act §21D(a)(3)(B)(iii)(I)(aa) requires that one seeking to be a Lead Plaintiff must move to serve as Lead Plaintiff. Here, Mandel is filing a timely motion. Movant expressed his willingness to act as Lead Plaintiff in this action. Torell Declaration, Exhibit B.

#### 2. Movant has the Largest Financial Interest in the Relief Sought by the Class

Exchange Act §21D(a)(3)(B) provides that the most adequate Lead Plaintiff is presumed to be the "*person or group of persons*" that, among other things, "has the largest financial interest in the relief sought by the class." See §21D(a)(3)(B);[3] *In re Advanced Tissue Sciences Sec. Litig.*, 184 F.R.D. 346, 350, n. 11 (S.D. Cal. 1998). This presumption may be rebutted only by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 571 (D.N.J. 2003); *In re DonnKenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997).

---

[3] Here, Mandel purchased shares of Veeco common stock during the Class Period. Calculating his losses in accordance with §§21D(e)(1) or 21D(e)(2) indicates aggregate losses in excess of $116,000. Torell Declaration, Exhibit B.

Because Movant Mandel has suffered losses in excess of $116,392, more than any other investor of whom Movant in aware, he is presumptively the most adequate Lead Plaintiff.

### 3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." §21D(a)(3)(B)(iii)(I). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites for class certification, only two -- typicality and adequacy -- directly address the personal characteristics of a proposed class representative. Typicality and adequacy of representation, therefore, are the only provisions relevant to the determination of lead plaintiff under the PSLRA. *In re Crayfish Co. Sec. Litig.*, No. 00 Civ.6766 (DAB), 2002 WL 1268013 at *4 (S.D.N.Y. June 6, 2002), citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) and *Weltz v. Lee*, 199 F.R.D 129, 133 (S.D.N.Y. 2001). As set forth below, Movant satisfies the typicality and adequacy requirements of Rule 23(a) and, therefore, should be appointed as Lead Plaintiff..

### a. The Claims of Movant are Typical of the Claims of the Class

A "claim will meet the typicality requirement if 'each class member's claim arises from the same course of conduct, and each class member makes similar legal arguments to prove the

defendants' liability.'" *Olsten,* 3 F. Supp. 2d at 296, *quoting In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir.1992); *see also Fields v. Biomatrix, Inc.,* 198 F.R.D. 451, 456 (D.N.J. 2000). The typicality standard is met even where minor distinctions exist. *Id.* As one court noted: "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class. Complete identity between the claims constituting each individual action is not required." *Chisholm v. TranSouth Fin. Corp.,* 184 F.R.D. 556, 563 (E.D. Va. 1999).

Movant's claims are typical of, if not identical to, the other Class Members' claims. As detailed above, this action alleges that defendants violated the Exchange Act by publicly disseminating a series of false and/or misleading statements concerning the financial strength of Veeco. This action further alleges that the Class, like Movant, relied upon the integrity of the market in purchasing Veeco securities during the Class Period, and suffered damages as defendants' fraudulent activities came to light. Movant therefore satisfies the requirement of typicality, since his claims arise from the same events or course of conduct that gives rise to claims of other Class members, and are based on the same legal theory..

      **b.**    **Movant Will Fairly and Adequately**
                **Represent the Interests of the Class**

Prior to the enactment of §21D of the Exchange Act, courts evaluated two factors in assessing the adequacy of the proposed class representative: (1) whether the class representatives appear capable of prosecuting the action through competent counsel; and (2) whether there existed antagonism or disabling conflict between the interests of the class representatives and the interests of the members of the class. Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members do not

have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Weltz*, 199 F.R.D. at 133, *citing Olsten*, 3 F. Supp. 2d at 296.

Here, the interests of Movant are clearly aligned with the Class, and there is no evidence of any antagonism between the interests of Movant and the Class. As set forth above, Movant shares numerous common questions of law and fact with the Class and his claims are typical of the claims of other Class members. Further, Movant already has demonstrated his interest in pursuing this action on behalf of the Class by signing a certification attesting to its willingness to assume the responsibilities of a Lead Plaintiff. Thus, the close alignment of interests between Movant and the Class, combined with the strong desire of Movant to prosecute this action on behalf of the Class, militates in favor of granting Mandel's motion..

### B. The Court Should Approve The Proposed Lead Plaintiff's Choice Of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to the approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." *See* Statement of Managers -- The "Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700 (daily ed. Nov. 28, 1995). In the present cases, Mandel has retained Cohen Milstein Hausfeld & Toll, P.L.L.C. to pursue this litigation on his behalf, and will retain this firm as plaintiffs' Lead Counsel in the event that he is appointed Lead Plaintiff. This law firm possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm resume attached to the Torell Declaration, Exhibit C. Thus, the Court may be assured that, by granting Mandel's motion, the Class will receive the highest caliber of legal

representation.

## CONCLUSION

For all the foregoing reasons, Mandel respectfully requests that the Court: (i) appoint him as Lead Plaintiff; (ii) approve his selection of Lead Counsel; and (iii) grant such other and further relief as the Court may deem just and proper.

Dated: April 18, 2005

**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**

_____/s/_____
Catherine A. Torell (CT-0905)
150 East 52nd St., 30th Floor
New York, New York 10022-6017
Telephone:   (212) 838-7797
Facsimile:   (212) 838-7745

-and-

Steven J. Toll
Daniel S. Sommers
Julie Goldsmith Reiser
West Tower, Suite 500
1100 New York Avenue, N.W.
Washington, D.C.  20005-3934
Telephone:   (202) 408-4600
Facsimile:   (202) 408-4699

*Counsel for Proposed Lead Plaintiff*