UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L.I.S.T., INC., On Behalf of Itself and All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>VEECO INSTRUMENTS, INC., et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 7:05-CV-02189-CM<br><br>**ELECTRONICALLY FILED**<br><br><u>CLASS ACTION</u> |
| ROY P. KERSHAW, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>VEECO INSTRUMENTS, INC., et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 7:05-CV-02929-CM<br><br><u>CLASS ACTION</u> |

[PROPOSED] ORDER APPOINTING NECA-IBEW PENSION FUND (THE DECATUR PLAN) AS LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL

Having considered the Motion to Appoint NECA-IBEW Pension Fund (The Decatur Plan) ("NECA") as Lead Plaintiff, to Approve Lead Plaintiff's Choice of Lead Counsel Pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), and to Consolidate Related Actions Pursuant to Rule 42 of the Federal Rules of Civil Procedure (the "Motion") and good cause appearing therefore, the Court ORDERS as follows:

1. The Motion is GRANTED; and

2. Pursuant to §21D(a)(3)(B) of the Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B), NECA is appointed as lead plaintiff for the class; and lead plaintiff's choice of lead counsel is approved. Pursuant to §21D(a)(3)(B)(v), the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP is appointed as lead counsel for the class.

## CONSOLIDATION OF RELATED CASES

3. The following actions are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings pursuant to Rule 42(a) of the Federal Rules of Civil Procedure:

| CASE TITLE | CIVIL ACTION NO. | DATE FILED |
|---|---|---|
| *L.I.S.T., Inc. v. Veeco Instruments, Inc., et al.* | 7:05-cv-02189-CM | 02/15/05 |
| *Kershaw v. Veeco Instruments, Inc., et al.* | 7:05-cv-02929-CM | 03/16/2005 |

## MASTER DOCKET AND CAPTION

4. The docket in Civil Action No. 7:05-cv-02189-CM shall constitute the Master Docket for this action.

5. Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
|  | x |  |
| In re VEECO INSTRUMENTS, INC. SECURITIES LITIGATION | : : : | Master File No. 7:05-cv-02189-CM |
|  | : | CLASS ACTION |
| This Document Relates To: | : : |  |
|  | x |  |

6. The file in Civil Action No. 7:05-cv-02189-CM shall constitute a master file for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies only to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

7. All related actions subsequently filed in, or transferred to, this District shall be consolidated into this action. This Order shall apply to every such action, absent order of the Court. A party that objects to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the date on which a copy of this Order is mailed to the party's counsel.

8. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

## LEAD PLAINTIFF'S COUNSEL

9. Lead plaintiff's counsel, after being appointed by the Court, shall manage the prosecution of this litigation to avoid duplicative or unproductive activities. Lead plaintiff's counsel shall be responsible for coordination of all activities and appearances on behalf of plaintiffs and for

- 2 -

- 3 -

dissemination of notices and orders. Lead plaintiff's counsel shall be responsible for communications with the Court.

10. Defendants' counsel may rely upon agreements made with lead plaintiff's counsel. Such agreements shall be binding on all plaintiffs.

11. Lead plaintiff shall file a consolidated class action complaint no later than 60 days from the date of the order of the Court appointing lead plaintiff and lead counsel.

12. The parties shall take all reasonable measures to preserve documents, materials and all other information relevant to the disputed claims and defenses asserted in this litigation.

IT IS SO ORDERED.

DATED: _____    _____
                                                                        THE HONORABLE COLLEEN MCMAHON
                                                                        UNITED STATES DISTRICT JUDGE

Submitted by:

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN (SR-7957)
DAVID A. ROSENFELD (DR-7564)
MARIO ALBA, JR. (MA-7240)

        */s/ Mario Alba, Jr.*
           MARIO ALBA, JR.

200 Broadhollow Road, Suite 406
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\Veeco Instruments\ORD00020328_SDNY.doc

DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 401 B Street, Suite 1600, San Diego, California 92101.

2. That on April 18, 2005, declarant served the **[PROPOSED] ORDER APPOINTING NECA-IBEW PENSION FUND (THE DECATUR PLAN) AS LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 18, 2005, at San Diego, California.

*/s/ Diana L. Houck*
DIANA L. HOUCK