UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| L.I.S.T., INC., On Behalf of Itself and All Others Similarly Situated, | : : : : : : : : : : | Civil Action No. 7:05-CV-02189-CM<br><br>**ELECTRONICALLY FILED**<br><br><u>CLASS ACTION</u> |
| Plaintiff, | | |
| vs. | | |
| VEECO INSTRUMENTS, INC., et al., | | |
| Defendants. | | |
| ROY P. KERSHAW, Individually and On Behalf of All Others Similarly Situated, | : : : : : : : : : : : | Civil Action No. 7:05-CV-02929-CM<br><br><u>CLASS ACTION</u> |
| Plaintiff, | | |
| vs. | | |
| VEECO INSTRUMENTS, INC., et al., | | |
| Defendants. | | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT NECA-IBEW PENSION FUND (THE DECATUR PLAN) AS LEAD PLAINTIFF, TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL PURSUANT TO §21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934, AND TO CONSOLIDATE RELATED ACTIONS PURSUANT TO RULE 42 OF THE FEDERAL RULES OF CIVIL PROCEDURE

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................................1

II. FACTUAL BACKGROUND..................................................................................................2

III. ARGUMENT..........................................................................................................................3

    A.  NECA Should Be Appointed Lead Plaintiff............................................................3

        1.  NECA Has the Largest Financial Interest in the Relief Sought by the Class...................................................................................................5

        2.  NECA Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure .......................................................................................................5

    B.  The Court Should Approve NECA's Selection of Lerach Coughlin as Lead Counsel ........................................................................................................................7

    C.  This Court Should Consolidate These Related Lawsuits for Purposes of Efficiency..................................................................................................................8

IV. CONCLUSION......................................................................................................................10

## TABLE OF AUTHORITIES

Page

**CASES**

*Babcock v. Computer Assocs. Int'l*,
  212 F.R.D. 126 (E.D.N.Y. 2003) ................................................................................6

*Bassir v. deCODE Genetics, Inc.*,
  No. 04 Civ. 7050 (RJH), 2005 WL 22875 (S.D.N.Y. Jan. 4, 2005) ..................................7

*Devlin v. Transp. Communications Int'l Union*,
  175 F.3d 121 (2d Cir. 1999) ........................................................................................9

*Garber v. Randell*,
  477 F.2d 711 (2d Cir. 1973) ........................................................................................9

*Greebel v. FTP Software*,
  939 F. Supp. 57 (D. Mass. 1996) ................................................................................7

*In re Cendant Corp. Litig.*,
  182 F.R.D. 476 (D.N.J. 1998) ....................................................................................2

*In re Crayfish Co. Sec. Litig.*,
  No. 00 Civ. 6766IDAB, 2002 WL 1268013 (S.D.N.Y. June 6, 2002) ..............................5

*In re Enron Corp., Sec. Litig.*,
  206 F.R.D. 427 (S.D. Tex. 2002) ................................................................................8

*In re Equity Funding Corp. of Am. Sec. Litig.*,
  416 F. Supp. 161 (C.D. Cal. 1976) ..............................................................................9

*In re NASDAQ Market-Makers Antitrust Litig.*,
  187 F.R.D. 465 (S.D.N.Y. 1998) ................................................................................8

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ............................................................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ..................................................................................4

*In re Party City Sec. Litig.*,
  189 F.R.D. 91 (D.N.J. 1999) ......................................................................................

*Priest v. Zayre Corp.*,
  118 F.R.D. 552 (D. Mass. 1988) ................................................................................6

**Page**

*Primavera Familienstiftung v. Askin*,
    173 F.R.D. 115 (S.D.N.Y. 1997) ...................................................................................9

*Rossini v. Ogilvy & Mather, Inc.*,
    798 F.2d 590 (2d Cir. 1986) ........................................................................................5

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) .................................................................................5

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78u-4(a)(1) ..................................................................................................................3
    §78u-4(a)(3) ........................................................................................................*passim*

Federal Rules of Civil Procedure
    Rule 23 ...............................................................................................................*passim*
    Rule 23(a) .....................................................................................................................5
    Rule 23(a)(3) ................................................................................................................5
    Rule 23(a)(4) ................................................................................................................6
    Rule 42 .....................................................................................................................1, 2
    Rule 42(a) ................................................................................................................8, 9

**I.      INTRODUCTION**

Institutional Investors NECA-IBEW Pension Fund (The Decatur Plan) ("NECA"), in connection with its transactions in the publicly-traded securities of Veeco Instruments, Inc. ("Veeco" or the "Company"), from November 3, 2003 to February 10, 2005 (the "Class Period") submit this memorandum of law in support of their motion pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), for entry of an order: (1) appointing NECA as lead plaintiff for the class and approving its selection of the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") to serve as lead counsel under §21D(a)(3)(B) of the Exchange Act; and (2) consolidating related actions pursuant to Rule 42 of the Federal Rules of Civil Procedure.

NECA is the most adequate plaintiff, as defined by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), because it possesses the largest financial interest having expended over $207,298 and having lost $40,707.43 in connection with its purchases of 9,671 shares of Veeco securities during the Class Period.[1] To the best of NECA's knowledge, this is the greatest financial interest of any moving class member, plaintiff or plaintiff group who has brought suit or filed an application to serve as lead plaintiff in these related actions. In addition, NECA satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of the claims of the putative class and because it will fairly and adequately represent the interests of the class.

---

[1] *See* Declaration of Mario Alba, Jr. in Support of Motion to Appoint NECA-IBEW Pension Fund (The Decatur Plan) as Lead Plaintiff, to Approve Lead Plaintiff's Choice of Lead Counsel Pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934, and to Consolidate Related Actions Pursuant to Rule 42 of the Federal Rules of Civil Procedure ("Alba Decl."), Exs. A-B.

In addition, the above-captioned actions should be consolidated under Rule 42 of the Federal Rules of Civil Procedure because they all allege the same facts against the same defendants. Any minor differences in the cases, such as the length of the class periods, can be reconciled once a consolidated complaint is filed by the appointed lead plaintiff.[2] Moreover, in addition to the above-captioned related cases, eight related cases were also filed in the Eastern District of New York.[3] However, the first-filed action, *L.I.S.T., Inc. v. Veeco Instruments, Inc., et al.*, 7:05-cv-02189-CM (S.D.N.Y.), filed February 15, 2005, was filed in this District. Therefore, the related cases pending in the Eastern District of New York should all be transferred to this District, consolidated with the above-captioned cases and this Court should determine the appointment of lead plaintiff and lead counsel.

## II.    FACTUAL BACKGROUND

Veeco designs, manufactures, markets and services a broad line of equipment primarily used by manufacturers in the data storage and semiconductor industries. ¶7.[4] Throughout the Class Period, defendants issued false and misleading statements which described the Company's

---

[2]    *See In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998).

[3]    Those cases are as follows: *McIntosh v. Veeco Instruments Inc., et al.*, No. 2:05-cv-00889-LDW-ETB (E.D.N.Y.), filed February 16, 2005; *Linzer v. Veeco Instruments, Inc., et al.*, No. 2:05-cv-00957-DRH-ETB (E.D.N.Y.), filed February 18, 2005; *Kantor v. Veeco Instruments, Inc., et al.*, No. 2:05-cv-00967-LDW-ETB (E.D.N.Y.), filed February 18, 2005; *Walker v. Veeco Instruments, Inc., et al.*, No. 2:05-cv-01003-JS-ETB (E.D.N.Y.), filed February 23, 2005; *Collins v. Veeco Instruments, Inc., et al.*, No. 2:05-cv-01277-LDW-ETB (E.D.N.Y.), filed March 9, 2005; *Holthuizen v. Veeco Instruments, Inc., et al.*, No. 2:05-cv-01337-LDW-ETB (E.D.N.Y.), filed March 11, 2005; *Vogt, et al. v. Veeco Instruments, Inc., et al.*, No. 2:05-cv-01430-LDW-ETB (E.D.N.Y.), filed March 18, 2005; and *Grove v. Veeco Instruments, Inc., et al.*, No. 2:05-cv-01552-LDW-ETB (E.D.N.Y.), filed March 24, 2005.

[4]    All "¶__" and "¶¶__" references are to the Class Action Complaint for Violations of Federal Securities Laws in the action styled *Kantor v. Veeco Instruments, Inc., et al.*, No. 05-cv-00967, filed in the Eastern District of New York on February 18, 2005.

increasing financial performance due in part to the success of its TurboDisc division. ¶¶26-32. On October 12, 2004, the Company issued a false and misleading partial disclosure, announcing weak industry-wide capital equipment conditions which adversely impacted the Company's results for the quarter ended September 30, 2004. ¶30.

Defendants' Class Period statements were false and misleading because, as disclosed on February 11, 2005, the Company's TurboDisc division had engaged in improper accounting related to inventory, accounts payable and certain revenue items. ¶34. As a result, the Company announced on February 11, 2005, that it would be required to restate its financial statements previously issued for the quarter periods and nine months ended September 2004. *Id*.

As a result of this disclosure, Veeco's stock fell $1.90 per share, or almost 10%, to close at $16.96 per share. ¶35.

### III.    ARGUMENT

#### A.    NECA Should Be Appointed Lead Plaintiff

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, notice was published on *PrimeZone Media Network*, on February 15, 2005, in connection with the filing of the first-filed action. *See* Alba Decl., Ex. C. Within 60 days of publishing the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A)(i)(II) & (a)(3)(B)(i).

Second, the PSLRA provides that within 90 days after publication of the notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . . ;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). *See generally In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998).

The time period in which class members may move to be appointed lead plaintiff in this case, under 15 U.S.C. §§78u-4(a)(3)(A)-(B), expires April 18, 2005. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, NECA has timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.

NECA has signed a sworn certification stating that it has reviewed the allegations of the complaint and is willing to serve as a representative party on behalf of the class. *See* Alba Decl., Ex. A. In addition, NECA has selected and retained counsel experienced in the prosecution of securities class actions to represent it and the class. *See* Alba Decl., Ex. D. Accordingly, NECA satisfies the individual requirements of 15 U.S.C. §78u-4(a)(3)(B), and is entitled to have its application for appointment as lead plaintiff, and its selection of Lerach Coughlin as lead counsel approved by the Court.

1.   **NECA Has the Largest Financial Interest in the Relief Sought by the Class**

During the Class Period, NECA purchased 9,671 shares of Veeco securities at a cost of over $207,298 and lost $40,707.43. As such, NECA has a significant financial interest in the outcome of this litigation. *See* Alba Decl., Exs. A-B. To the best of NECA's knowledge, there are no other applicants or applicant groups who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest than NECA. Therefore, NECA satisfies the PSLRA's prerequisite of having the largest financial interest and is presumptively the most adequate plaintiff to represent the class pursuant to 15 U.S.C. §78u-4(a)(3)(B). *See Weltz v. Lee*, 199 F.R.D. 129, 132 (S.D.N.Y. 2001) (members of moving group with largest collective financial interest are presumptive lead plaintiff).

2.   **NECA Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure**

According to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Of Rule 23(a)'s four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding motions for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766IDAB, 2002 WL 1268013, at *4 (S.D.N.Y. June 6, 2002). NECA should be appointed lead plaintiff because it satisfies the typicality and adequacy requirements of Rule 23.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v.*

- 5 -

*Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *Babcock v. Computer Assocs. Int'l*, 212 F.R.D. 126, 130 (E.D.N.Y. 2003).  Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical.  *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'") (citation omitted).  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.  *See Crayfish*, 2002 WL 1268013, at *4 (citing *In re Party City Sec. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999)).

   NECA satisfies this requirement because, just like all other class members, it: (1) purchased Veeco securities during the Class Period; (2) purchased Veeco securities in reliance upon the alleged materially false and misleading statements issued by defendants; and (3) suffered damages thereby.  Thus, NECA's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

   Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class."  The PSLRA directs this Court to limit its inquiry regarding the adequacy of NECA to represent the class to the existence of any conflicts between its interests and the members of the class.  The standard for adequacy of representation under Rule 23(a)(4) is met where: "(1) class counsel is 'qualified, experienced, and generally able to conduct the litigation;' and (2) class members do not have interests that are antagonistic to one another."  *Babcock*, 212 F.R.D. at 131 (citation omitted).

NECA is adequate to represent the class. NECA's interests are aligned with the interests of the class because both suffered from artificial inflation of the price of Veeco securities and would benefit from the same relief. Furthermore, there is no evidence of antagonism between NECA and the class. Having expended over $207,298 and having suffered $40,707.43 in losses, undoubtedly NECA will vigorously prosecute this action to obtain the best recovery for the class. NECA has also certified to its willingness to serve as a representative of the class, here. Alba Decl., Ex. A. In addition, as shown below, NECA's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, NECA satisfies the *prima facie* showing of the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

Moreover, NECA is an institutional investor, and as such, is precisely the type of lead plaintiff Congress envisioned would lead securities class actions like this one when it enacted the PSLRA in 1995. *See Bassir v. deCODE Genetics, Inc.*, No. 04 Civ. 7050 (RJH), 2005 WL 22875, at *2-*3 (S.D.N.Y. Jan. 4, 2005) (noting that PSLRA's purpose was to attract institutional investors); *Greebel v. FTP Software*, 939 F. Supp. 57, 63 (D. Mass. 1996) (noting PSLRA's intent that institutional investors be presumptively appointed lead plaintiffs). NECA has the expertise and the incentive to represent the plaintiff class aggressively and intelligently, in the manner contemplated by Congress when it passed the PSLRA. Consequently, this Court should presume that NECA is the "most adequate plaintiff" in this case.

### B.  The Court Should Approve NECA's Selection of Lerach Coughlin as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Because NECA has selected and retained counsel experienced in

- 7 -

litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of lead counsel should be approved.

NECA has selected the law firm of Lerach Coughlin to serve as lead counsel to the class. Lerach Coughlin is a 150-lawyer firm that is actively engaged in complex litigation, emphasizing securities, consumer and antitrust class actions. Lerach Coughlin possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. The firm's lawyers have been appointed as lead or co-lead counsel in landmark class actions, including *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case, and in *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). Indeed, in approving the lead plaintiff's choice of Lerach Coughlin's lawyers as lead counsel in *Enron*, the Honorable Melinda Harmon found that its submissions stood "out in the breadth and depth of its research and insight." *Id.* at 458. Lerach Coughlin's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.

NECA and its selected counsel bring to this action a securities litigation team consisting of attorneys, investigators and forensic accountants who have repeatedly demonstrated their willingness to undertake the painstaking process of unraveling accounting irregularities and improper transactions, all of whom are able to devote substantial resources to the prosecution of this action. Thus, the Court may be assured that in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available from Lerach Coughlin as lead counsel.

### C. This Court Should Consolidate These Related Lawsuits for Purposes of Efficiency

Rule 42(a) allows the Court to consolidate separate actions:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Consolidation pursuant to Rule 42(a) is proper where, as here, actions involve common questions of law and fact. *Devlin v. Transp. Communications Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). The Court has broad discretion under this rule to consolidate cases pending within its District. *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). NECA requests that the Court consolidate the above-captioned related actions under Rule 42(a).

These related actions, pending in this District, present substantially identical factual and legal issues. The lawsuits are based on the same facts and involve the same illegal course of conduct. Each plaintiff in the related actions seeks to represent all persons injured by the same wrongful conduct by defendants. Each case was brought by investors who purchased or otherwise acquired Veeco shares in reliance on the integrity of the market price during the Class Period and who were injured by defendants' materially false and misleading statements, which artificially inflated the price of Veeco's publicly-traded securities.

Class action shareholder suits are ideally suited for consolidation because their unification expedites pretrial proceedings, reduces case duplication, avoids the harassment of parties and witnesses being interrogated in multiple proceedings and minimizes the expenditure of time and money by all persons concerned. *See Primavera*, 173 F.R.D. at 130; *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976) (citing *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973)). Consolidating multi-shareholder class action suits simplifies pretrial and discovery motions, class action issues and clerical and administrative duties. Moreover, consolidation will reduce the confusion and delay that may result from prosecuting related class action cases separately. *Equity*

*Funding*, 416 F. Supp. at 176. Consolidation is not only proper, but also necessary for the effective and efficient litigation of these actions.

Section 21D(a)(3)(B)(ii) of the PSLRA provides for consolidation of related securities fraud actions before appointment of a lead plaintiff:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this [chapter] has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)(i)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii). Thus, the Court is required under the provisions of the PSLRA to first decide the consolidation issue and, thereafter, decide the lead plaintiff issue "[a]s soon as practicable." *Id*. NECA respectfully urges the Court to grant the consolidation motion as soon as practicable, consolidate the related actions under the low-numbered action and then rule on the motion for appointment as lead plaintiff.

## IV. CONCLUSION

For all the foregoing reasons, NECA respectfully requests that the Court: (1) appoint it as lead plaintiff and approve its selection of Lerach Coughlin to serve as lead counsel; and (2) consolidate the related actions.

DATED: April 18, 2005

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN (SR-7957)
DAVID A. ROSENFELD (DR-7564)
MARIO ALBA, JR. (MA-7240)

*/s/ Mario Alba, Jr.*
MARIO ALBA, JR.


200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\Veeco Instruments\BRF00020325_SDNY.doc

<u>DECLARATION OF SERVICE BY MAIL</u>

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 401 B Street, Suite 1600, San Diego, California 92101.

2. That on April 18, 2005, declarant served the **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT NECA-IBEW PENSION FUND (THE DECATUR PLAN) AS LEAD PLAINTIFF, TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL PURSUANT TO §21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934, AND TO CONSOLIDATE RELATED ACTIONS PURSUANT TO RULE 42 OF THE FEDERAL RULES OF CIVIL PROCEDURE** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 18, 2005, at San Diego, California.

*/s/ Diana L. Houck*
DIANA L. HOUCK

VEECO INSTRUMENTS (SDNY)

Service List - 4/18/2005   (05-0043N)

Page 1 of 1

**Counsel For Defendant(s)**

Robert F. Serio
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY  10166-0193
  212/351-4000
  212/351-4035 (Fax)

**Counsel For Plaintiff(s)**

| | |
|---|---|
| Jonathan M. Plasse<br>Christopher J. Keller<br>Shelley Thompson<br>Goodkind Labaton Rudoff & Sucharow LLP<br>100 Park Avenue, 12th Floor<br>New York, NY  10017-5563<br>  212/907-0700<br>  212/818-0477 (Fax) | Samuel H. Rudman<br>David A. Rosenfeld<br>Mario Alba, Jr.<br>Lerach Coughlin Stoia Geller Rudman & Robbins LLP<br>200 Broadhollow Road, Suite 406<br>Melville, NY  11747<br>  631/367-7100<br>  631/367-1173 (Fax) |

Eric J. Belfi
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY  10016
  212/682-1818
  212/682-1892 (Fax)