**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREW MCINTOSH, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>VEECO INSTRUMENTS, INC., EDWARD BRAUN and JOHN REIN, JR.,<br><br>        Defendants. | Civil Action No. 2:05-cv-889 (LDW) |
| BARRY LINZER, On behalf himself and all others similarly situated,<br><br>        Plaintiff<br><br>   v.<br><br>VEECO INSTRUMENTS, INC., EDWARD H. BRAUN and JOHN F. REIN, JR.,<br><br>        Defendants. | Civil Action No. 2:05-cv-957 (DRH) |

[*Captions continued on the following page*]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY THE
STEELWORKERS PENSION TRUST FOR CONSOLIDATION, FOR ITS
APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL
<u>OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL</u>**

| | |
|---|---|
| BRUCE KANTOR, On behalf himself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>VEECO INSTRUMENTS, INC., EDWARD H. BRAUN and JOHN F. REIN, JR.,<br><br>        Defendants. | :<br>:<br>:<br>:   Civil Action No. 2:05-cv-967 (LDW)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| GEORGE WALKER, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>VEECO INSTRUMENTS, INC., EDWARD BRAUN and JOHN REIN, JR.,<br><br>        Defendants. | :<br>:<br>:<br>:   Civil Action No. 2:05-cv-1003 (JS)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| PHILLIP G. COLLINS, On behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>VEECO INSTRUMENTS, INC., EDWARD H. BRAUN and JOHN F. REIN, JR.,<br><br>        Defendants. | :<br>:<br>:<br>:   Civil Action No. 2:05-cv-1277 (LDW)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

[*Captions continued on the following page*]

| | |
|---|---|
| SERVAAS HOLTHUIZEN, Individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>VEECO INSTRUMENTS, INC., EDWARD H. BRAUN and JOHN F. REIN, JR.,<br><br>　　　　　　　　　　　Defendants. | Civil Action No. 2:05-cv-1337 (LDW) |
| GERALD J. VOGT and ELEANOR L. VOGT, On behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>VEECO INSTRUMENTS, INC., EDWARD BRAUN and JOHN REIN, JR.,<br><br>　　　　　　　　　　　Defendants. | Civil Action No. 2:05-cv-1430 (LDW) |
| TIMOTHY JOE GROVE, On behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>VEECO INSTRUMENTS, INC., EDWARD H. BRAUN and JOHN F. REIN, JR.,<br><br>　　　　　　　　　　　Defendants. | Civil Action No. 2:05-cv-1552 (LDW) |

The Steelworkers Pension Trust ("Steelworkers") purchased 40,000 shares of Veeco Instruments, Inc., ("Veeco" or "the Company") between April 26, 2004 and February 10, 2005, inclusive (the "Class Period"),[1] and suffered a loss approximately $345,800.

Steelworkers respectfully submits this memorandum of law in support of its Motion: (a) for its appointment as Lead Plaintiff, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4; (b) for approval of its selection of Berger & Montague, P.C. as Plaintiff's Lead Counsel and Milberg Weiss Bershad & Schulman LLP as Plaintiff's Liaison Counsel; and (c) for consolidation of these actions pursuant to Rule 42(a), Fed. R. Civ. P.

Steelworkers is believed to be the investor with the largest financial interest in the outcome of the case.[2] Steelworkers is an institutional investor with a stake in the outcome of the litigation and its assistance in the prosecution of the action will further protect the interests of the Class. As such, Steelworkers meets the requirements of the PSLRA for appointment as lead plaintiff. Moreover, Steelworkers satisfies the requirements of Rule 23 of the Federal Rules of

---

[1] Some actions filed in this case propose a slightly longer class period beginning November 3, 2003. However, counsel for the proposed Lead Plaintiff believe that the shorter Class Period is most appropriate because the Company announced that it would restate its financials because of accounting improprieties for the first three quarters of 2004, beginning with the results of the first quarter 2004, which Defendants publicly reported on April 26, 2004. The proposed Lead Counsel will be reviewing and analyzing the allegations in the various complaints, public statements made by the defendants during the various Class Periods and evolving events in formulating the allegations and length of the Class Period to be included in the consolidated amended complaint.

[2] Steelworkers' certification listing its transactions in Veeco stock, as required by § 21D(a)(2) of the PSLRA, is attached to the accompanying Declaration of Peter E. Seidman ("Seidman Decl.") as Exhibit A. A chart detailing its losses is attached to the Seidman Decl. as Exhibit B. Steelworkers' losses for purposes of the current motion are not necessarily the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation.

Civil Procedure in that its claims are typical of the claims of the class, and it will fairly and adequately represent the interests of the class.

## NATURE OF THE ACTION

This is a federal class action on behalf of purchasers of the purchasers of the publicly-traded common stock of Veeco between April 26, 2004 and February 10, 2005, inclusive (the "Class Period") against Veeco and certain of its officers and directors, seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). Veeco Instruments Inc. designs, manufactures, markets and services a line of equipment primarily used by manufacturers in the data storage, semiconductor, compound semiconductor/wireless and high-brightness light emitting diode industries.

The complaints allege that the Company failed to disclose: (1) that improper accounting procedures were in place at the Company's TurboDisc division which the Company announced it acquired on November 3, 2003; (2) that these improper accounting procedures caused the Company to materially overstate its net revenue for the first three quarters of 2004 by at least $7.5 million; (3) that the Company's financial statements were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); (4) that the Company lacked adequate internal controls and was therefore unable to ascertain the true financial condition of the Company; and (5) that as a result, the value of the Company's net income and financial results were materially overstated at all relevant times.

On February 11, 2005, before the market opened, Veeco announced that it would postpone the release of audited results for the fourth quarter and full year 2004 pending completion of an internal investigation of improper accounting transactions at its TurboDisc division. The investigation focused principally on the value of inventory, accounts payable and certain liabilities, as well as certain revenue transactions of TurboDisc. News of this shocked the

2

market. Shares of Veeco fell $1.90 per share, or 10.07 percent, to close at $16.96 per share on unusually high trading volume.

On March 16, 2005, the Company announced its financial results for the fourth quarter and year-ended December 31, 2004, including the restatement of its nine month 2004 results. Veeco also announced that it had completed the internal investigation of improper accounting transactions at its TurboDisc business unit and its year-end audit.

The restatement included $8.1 million in pre-tax earnings adjustments related to inventory, accruals and accounts payable (estimated on February 11 to be in the range of $5.5-$7.5 million) and $2.1 million in pre-tax earnings adjustments related to revenue recognition issues uncovered during the investigation. The total effect of the restatement was a $10.2 million decrease in pre-tax earnings for the first nine months of 2004. The quarterly impact of the $10.2 million pre-tax decrease to earnings was $2.8 million, $4.3 million and $3.1 million for the three month periods ended March 31, 2004, June 30, 2004 and September 30, 2004, respectively. The stock continues to trade below $16.96.

**I.    STEELWORKERS SHOULD BE APPOINTED LEAD PLAINTIFF**

    **A.    The Procedures Mandated By The PSLRA**

The PSLRA has established a procedure that governs the appointment of Lead Plaintiffs in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiffs. 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, counsel in the first filed action caused the first notice to be published on February 15, 2005 (Exh. C, Seidman Decl.) This notice stated that any motion for the appointment as lead plaintiff was due "not later than April 18, 2005."

3

The PSLRA states that within sixty (60) days after the publication of the notice mandated by the PSLRA, any "person or group of persons" who are members of the proposed class may apply to the court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C § 78u-4(a)(A) and (B). Steelworkers has timely filed this motion before the expiration of the 60-day period from such publication.

The inclusion of an institutional investor, such as Steelworkers, to serve as Lead Plaintiff is precisely what the framers of the PSLRA hoped to accomplish. As the Statement of Managers noted, the PSLRA was intended "to increase the likelihood that institutional investors will serve as lead plaintiffs" because among other reasons, institutional investors and other class members with large amounts at stake "will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." House Conference Report No. 104-369, 104th Cong. 1st Sess. At 34 (1995). *See e.g., Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997) ("The legislative history of the Reform Act is replete with statements of Congress' desire to put control of such litigation in the hands of large, institutional investors."); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 63-64 (D. Mass. 1996) (same).

The PSLRA further provides that within 90 days after publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff(s) the member or members of the class that the Court determines to be most capable of adequately representing the interests of the class members, 15 U.S.C. § 78u-4(a)(3)(B). In determining who is the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that

4

>   (aa)   has either filed the complaint or made a motion in response to a notice . . .
>
>   (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>   (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### B.  Steelworkers Satisfies The Requirements Of The Act

#### 1.  Steelworkers Believes That It Has The Largest Financial Interest In The Relief Sought By The Class

One of the key factors in the selection of lead plaintiff under the PSLRA is the Court's determination as to which person or group of persons has the largest financial interest in the relief sought by the class.

>   The "most adequate plaintiff" provision of the PSLRA provides that a court:
>
>   shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

§ 21D(a)(3)(B)(i).  Moreover, pursuant to § 21D(a)(3)(B)(iii), the Court shall presume:

>   that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
>   * * *
>
>   (bb) in the determination of the court, has the **largest financial interest in the relief sought by the class**

Numerous courts have interpreted this language to mean that the person or group who has the largest financial stake in the litigation is presumed to be the "most adequate" plaintiff to represent the class.  *See, e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, (3d Cir. 2001); *Lax v.*

5

*First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *3 (N.D. Ill. Aug. 6, 1997) (members of moving group with largest collective financial interest are presumptive lead plaintiffs).

Steelworkers purchased 40,000 shares of Veeco during the Class Period and suffered a loss of approximately $345,800. Accordingly, Steelworkers has a substantial stake in the litigation. The legislative history of the PSLRA demonstrates that Steelworkers is precisely the type of plaintiff Congress sought to encourage to come forward. "[C]lass members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." House Conference, Report No. 104-369, 104th Cong. 1st Sess. at 34 (1995). *See also, e.g., In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42-43 (D. Mass. 2001); *Netsky v. Capstead Mortgage Corp.*, 2000 U.S. Dist. LEXIS 9941 at *28 (N.D. Tex. 2000) ("Congress intended to increase the likelihood that parties with significant holdings in issuers, whose interests are more aligned with the class of shareholders, will participate in the litigation and exercise control ..."); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214 (D.D.C. 1999). Thus, as contemplated by Congress, Steelworkers will most effectively represent the interests of the plaintiff class.

In addition, Steelworkers has selected and retained as its counsel Berger & Montague, P.C. as lead counsel and Milberg Weiss Bershad & Schulman LLP as liaison counsel, both of which are highly experienced in prosecuting securities class actions. *See* firm resume of Berger & Montague, P.C., Exh. D to Seidman Decl., and firm resume of Milberg Weiss Bershad & Schulman LLP, Exh. E to Seidman Decl. Accordingly, Steelworkers satisfies the prerequisites for appointment as Lead Plaintiff under section 21D(a)(3)(B).

### 2. Steelworkers Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21(D)(3)(B) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the proposed class representatives. Consequently, in deciding a motion to appoint lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the plaintiff moves for class certification. *See, e.g., Chill v. Green Tree Financial Corp.,* 181 F.R.D. 398, 407 at n. 8 (D. Minn. 1998)("a proposed lead plaintiff need only make a preliminary showing that he or she satisfies the typicality and adequacy requirements of Rule 23"); *Gluck v. CellStar Corp.,* 976 F. Supp. at 546. As detailed below, Steelworkers satisfies the typicality and adequacy requirements of Rule 23.

### 3. Steelworkers' Claims Are Typical Of The Claims Of The Class

Generally, the typicality requirement is satisfied if the claims arise from the same event, practice or course of conduct that gives rise to the claims of the class members, and are based on the same legal theory. *See Eisenberg v. Gagnon*, 766 F.2d 770, 786 (3d Cir. 1985); *Hoxworth v.*

7

*Blinder, Robinson & Co.*, 980 F.2d 912, 923 (3d Cir. 1992); *In re Kirschner Medical Corp. Sec. Litig.,* 139 F.R.D. 74, 78-79 (D. Md. 1991); *Zinberg v. Washington Bancorp, Inc.,* 138 F.R.D. 397, 406-07 (D.N.J. 1990)( typicality satisfied if class representatives and its members point to the same broad course of alleged fraudulent conduct). Indeed, to satisfy typicality, the claims of the class representatives do not have to be identical to those of the class members. *Eisenberg v. Gagnon*, 766 F.3d at 786. The focus of the typicality inquiry is not plaintiffs' behavior, but defendants' behavior. *In re Electro-Catheter Sec. Litig.*, [1987-88 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶93,643 at 97,931 (D.N.J. 1987).

Steelworkers satisfies this requirement because, just like all other class members, it: (1) purchased shares of Veeco at prices alleged artificially inflated by the false and misleading statements issued by defendants or by defendants' failure to disclose material information and (2) suffered damages thereby. Thus, its claims are typical of those of other class members since its claims and the claims of the other class members arise out of the same course of events. Because Steelworkers seeks to prove that its claims arise from the same events, practice or course of conduct that give rise to the claims of the other class members, and because Steelworkers' claims are based on the same legal theories, the typicality requirement of Rule 23(a)(3) is satisfied. *See, Simpson v. Specialty Retail Concepts,* 149 F.R.D. 94, 98 (M.D.N.C. 1993).

### 4. Steelworkers Will Fairly And Adequately Represent The Interests Of The Class

Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class. This requirement is met if it appears that (1) the named plaintiff has interests in common with, and not antagonistic to, the class' interests; and (2) the plaintiffs' attorneys are qualified, experienced and generally able to conduct the litigation. *See, e.g., In re*

8

*Drexel Lambert Group, Inc.*, 960 F.2d 285, 291 (2d. Cir. 1992); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 800 (3d Cir. 1995); *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239, 247 (3d Cir. 1975). *See also Simpson*, 149 F.R.D. at 102; *Kirschner,* 139 F.R.D. at 79.

Steelworkers is an adequate representative of the Class. The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Proposed Lead Plaintiff to represent the Class to the existence of any conflicts between the interests of the Proposed Lead Plaintiff and the members of the Class, and then allow the lead plaintiff to retain lead counsel to represent the Class, "subject to the approval of the court." *See* 15 U.S.C. § 78u4(a)(3)(B)(v).

The interests of Steelworkers are clearly aligned with the members of the Class, and there is no evidence of any antagonism between the interests of Steelworkers and the Class. As detailed above, Steelworkers shares numerous common questions of law and fact with the members of the Class and its claims are typical of the claims of other Class members. Further, Steelworkers has selected attorneys to represent it that are highly experienced in prosecuting securities class actions. Moreover, Steelworkers suffered dramatic losses and therefore has a substantial stake in the litigation.

**II.   THIS COURT SHOULD APPROVE STEELWORKERS' CHOICE OF LEAD COUNSEL**

The PSLRA vests authority in the lead plaintiff, subject to court approval, to select and retain lead counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also, e.g., Lax*, 1997 U.S. Dist. LEXIS, at *8. The Court should not disturb the proposed lead plaintiff's choice of counsel unless necessary to "protect the interests of the [plaintiff] class." 15 U.S.C. § 78u4(a)(3)(B)(iii)(II)(aa). *See In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp.2d 427, 438 (E.D. Va. 2000) ("The PSLRA plainly states that a district court's duty is to appoint a lead plaintiff based on the relevant statutory criteria . . . it is the lead plaintiff's duty to select and

9

retain counsel to represent the class . . . a district court should approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources ..."). Congress' theory in enacting these provisions "was that if an investor with a large financial stake in the litigation was made lead plaintiff, such a plaintiff – frequently a large institution or otherwise sophisticated investor – would be motivated to act like a "real" client, carefully choosing counsel and monitoring counsel's performance ..." *In re: Razorfish, Inc. Securities Litigation,* 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001).

Accordingly, Steelworkers have selected and retained Berger & Montague, P.C. as their lead counsel, and Milberg Weiss Bershad & Schulman LLP as liaison counsel, both of which possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud actions on behalf of injured investors. *See* Resumes of Berger & Montague, P.C. and Milberg Weiss Bershad & Schulman LLP (Exhs. D and E to Seidman Decl.) Thus, the Court may be assured that, in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available.

### III.     THESE ACTIONS SHOULD BE CONSOLIDATED

Consolidation pursuant to Rule 42(a), Fed. R. Civ. P., is appropriate when actions involve common questions of law and fact. Moore, *Manual for Complex Litigation*, § 20.123, at 13-14 (3d Ed. 1995). Rule 42(a), provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trail of any or all of the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cots or delay.

Consolidation is common in federal securities class action cases. *In re Cendant Corporation Litigation,* 182 F.R.D. 476, 478 (D.N.J. 1998). Indeed, section 21D(a)(3)(B) of the Exchange

10

Act contemplates the consolidation of multiple actions "asserting substantially the same claim or claims." Moreover, "[n]either Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated." *In re Cendant Corporation Litigation*, 182 F.R.D. 476, 478 (D.N.J. 1998).

"In securities actions where the complaints are based on the same 'public statements and reports'", as here, "consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (quoting *Lloyd v. Industrial Bio-Test Laboratories, Inc.*, 454 F. Supp. 807, 812 (S.D.N.Y. 1978)). *Accord, e.g., In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 292 (E.D.N.Y. 1998). Further, "the facts and legal issues need not be identical to warrant consolidation." *Olsten*, 3 F. Supp. 2d at 293.

Consolidation of the cases is appropriate here. Each of the actions is based on substantially similar events and makes the same legal claims under the federal securities laws. The interests of economy and justice therefore militate strongly in favor of a consolidation order. The proposed Order accompanying Steelworkers' motion consolidates these actions and establishes procedures governing consolidated pleadings and pretrial proceedings for the orderly conduct of this litigation. *Compare*, Manual For Complex Litigation, §§ 41.2 & 41.31.

## IV.   CONCLUSION

For all the foregoing reasons, The Steelworkers Pension Trust respectfully requests that the Court consolidate these actions and appoint it as lead plaintiff under Section 21D(a)(3)(B) of the PSLRA. Steelworkers further request that the Court approve its choice of Berger & Montague, P.C. as Plaintiff's Lead Counsel and Milberg Weiss Bershad & Schulman LLP as Plaintiff's Liaison Counsel.

DATED: April 18, 2005 Respectfully submitted,

**MILBERG WEISS BERSHAD & SCHULMAN LLP**


By: _____/s/ Peter E. Seidman\_\_\_\_
Steven G. Schulman  (SS-2561)
Peter E. Seidman (PS-8769)
Sharon M. Lee (SL-5612)
One Pennsylvania Plaza - 49th Floor
New York, NY  10119
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

**Proposed Liaison Counsel**

**BERGER & MONTAGUE, P.C.**
Sherrie R. Savett
Phyllis M. Parker
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
(215) 875-4604 (Fax)

**Proposed Lead Counsel**

**TABLE OF CONTENTS**

**Page(s)**

NATURE OF THE ACTION .................................................................................................. 2

    I.      STEELWORKERS SHOULD BE APPOINTED LEAD PLAINTIFF .................. 3

          A.     The Procedures Mandated By The PSLRA ................................................. 3

          B.     Steelworkers Satisfies The Requirements Of The Act ............................... 5

    II.     THIS COURT SHOULD APPROVE STEELWORKERS' CHOICE OF LEAD COUNSEL ........................................................................................................... 9

    III.    THESE ACTIONS SHOULD BE CONSOLIDATED........................................ 10

    IV.    CONCLUSION................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

*In re Baan Co. Sec. Litig.*,
   186 F.R.D. 214 (D.D.C. 1999)..................................................................................................6

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001).......................................................................................................5

*In re Cendant Corporation Litigation*,
   182 F.R.D. 476 (D.N.J. 1998)............................................................................................10, 11

*Chill v. Green Tree Financial Corp.*,
   181 F.R.D. 398 (D. Minn. 1998)................................................................................................7

*In re Drexel Lambert Group, Inc.*,
   960 F.2d 285 (2d. Cir. 1992)..................................................................................................8, 9

*Eisenberg v. Gagnon*,
   766 F.2d 770 (3d Cir. 1985)...................................................................................................7, 8

*In re Electro-Catheter Sec. Litig.*,
   [1987-88 Transfer Binder], Fed. Sec. L. Rep. (CCH) ¶93,643 (D.N.J. 1987)..........................8

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
   55 F.3d 768 (3d Cir. 1995).........................................................................................................9

*Gluck v. Cellstar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) .......................................................................................4, 7

*Greebel v. FTP Software, Inc.*,
   939 F. Supp. 57 (D. Mass. 1996) ...........................................................................................4, 5

*Hoxworth v. Blinder, Robinson & Co.*,
   980 F.2d 912 (3d Cir. 1992).......................................................................................................7

*In re Kirschner Medical Corp. Sec. Litig.*,
   139 F.R.D. 74 (D. Md. 1991).................................................................................................8, 9

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)...............................5, 9

*In re Lernout & Hauspie Sec. Litig.*,
   138 F. Supp. 2d 39 (D. Mass. 2001) .........................................................................................6

*Lloyd v. Industrial Bio-Test Laboratories, Inc.*,
   454 F. Supp. 807 (S.D.N.Y. 1978)..........................................................................................11

*In re MicroStrategy Inc. Sec. Litig.*,
   110 F. Supp. 2d 427 (E.D. Va. 2000) ................................................................................9

*Netsky v. Capstead Mortgage Corp.*,
   2000 U.S. Dist. LEXIS 9941 (N.D. Tex. 2000)..................................................................6

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..................................................................................11

*In re: Razorfish, Inc. Securities Litigation*,
   143 F. Supp. 2d 304 (S.D.N.Y. 2001)...............................................................................10

*Simpson v. Specialty Retail Concepts*,
   149 F.R.D. 94 (M.D.N.C. 1993) .....................................................................................8, 9

*Werner v. Satterlee, Stephens, Burke & Burke*,
   797 F. Supp. 1196 (S.D.N.Y. 1992)..................................................................................11

*Wetzel v. Liberty Mutual Ins. Co.*,
   508 F.2d 239 (3d Cir. 1975)................................................................................................9

*Zinberg v. Washington Bancorp, Inc.*,
   138 F.R.D. 397 (D.N.J. 1990)............................................................................................8

### FEDERAL STATUTES

15 U.S.C. § 78u-4(a)(1) .................................................................................................................3

15 U.S.C. § 78u-4(a)(A) ................................................................................................................4

15 U.S.C. § 78u-4(a)(B) ................................................................................................................4

15 U.S.C. § 78u-4(a)(3)(A)(i) ........................................................................................................3

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(i) ........................................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii) ......................................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(v) .......................................................................................................9

15 U.S.C. § 78u4(a)(3)(B)(II)(aa)..................................................................................................9

### OTHER AUTHORITIES

Moore, *Manual for Complex Litigation*, § 20.123, at 13-14 (3d Ed. 1995) .................................10