# EXHIBIT A

# EXHIBIT A



**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

Samuel H. Rudman
SRudman@LerachLaw.com

May 3, 2005

VIA ELECTRONIC FILING

Honorable Sidney H. Stein
United States District Judge
United States Court
Southern District of New York
500 Pearl Street, Room 1010
New York, New York 10007-1312

  Re: *Lawler v. Sutcliffe*
     No. 05-CV-1299 (SHS)

Dear Judge Stein:

  We are counsel for plaintiff Lawler in the above-referenced action and for proposed lead plaintiff National Elevator Industry Pension Plan ("NEI Pension Plan"). We write in response to the letter to your Honor submitted by the Boyko Group on May 2, 2005 regarding the timeliness of the filing of NEI Pension Plan's Reply Memorandum and supporting Declaration, which were filed on April 28, 2005.

  Specifically, the Boyko Group contends in its letter that it is unclear whether NEI Pension Plan's Reply and supporting Declaration were timely filed because NEI Pension Plan took three additional days under Federal Rule 6(e). As explained herein, however, this contention is contrary to the Federal and Local Rules that explicitly allow three extra days when a party is served by electronic means, including through the Court's ECF transmission facilities. *See* Fed. R. Civ. P. 5(b)(2)(D), 6(e); Local Rule 6.1(b) and Local Rule 6.4. Moreover, to our knowledge, every court that has considered this issue has concluded that a party is entitled to three extra days when service is done by electronic means, including through the Court's ECF transmission facilities. *See Crust v. Barnhart*, No. 02-2555-CM, 2004 U.S. Dist. LEXIS 7855, at *2 (D. Kan. Jan. 23, 2004) ("Although Rule 5(b)(2)(D) states that service by electronic means is complete on transmission, Rule 6(e) still provides parties an additional 3 days in which to respond when service is by electronic means."); *Miller v. Ford Motor Co.*, 2:01-cv-545-FtM-29DNF, 2004 U.S. Dist. LEXIS 26543, at *3 (M.D. Fla. Dec. 17, 2004) ("[E]lectronic service is deemed to be service by mail").

  The Boyko Group's argument rests on its contention that the District's Deputy Clerk told its counsel that parties served electronically through the Court's ECF facilities are not allowed three additional days to respond under Rules 5(b)(2)(D) and 6(e) of the Federal Rules of Civil Procedure ("FRCP"). With all due respect to the District's Deputy Clerk, this statement contradicts clear and unambiguous Federal and Local Rules which grant the three additional days when parties are served electronically, including through the



Honorable Sidney H. Stein
May 3, 2005
Page 2

Court's transmission facilities, and which were relied upon by NEI Pension Plan in calendaring its reply brief due date.[1]

    First and most importantly, Local Rule 6.4 states, "[i]n computing any period of time prescribed or allowed by the Local Civil Rules...the provisions of Federal Rule of Civil Procedure 6(a) and 6(e) shall apply unless otherwise stated." The Boyko Group conspicuously fails to cite this rule. FRCP Rule 6(e) explicitly grants three additional days to respond where parties are served in any manner set forth in Rule 5(b)(2)(B) (United States mail), (C) or (D) (by "electronic means" including service made "through the court's transmission facilities"). Because of Local Rule 6.4, the important question is not whether any ECF rules specifically allow for the three days, but whether any Local Rules disallow the three extra days where a party is served through electronic means. They do not. In fact, even the ECF rules themselves do not state that a party is not allowed the three extra days allowed under the Federal and Local Rules. Thus, NEI Pension Plan was clearly entitled to take the additional three days to respond to the Boyko Group's opposition.[2]

    Importantly, the 2001 Advisory Committee Notes to Rule 5 also put to rest any doubt that service by "electronic means" in Rule 5(b)(2)(D) was intended to include service by an electronic case filing system:

> Finally, subparagraph (D) authorizes adoption of local rules providing for service through the court. Electronic case filing systems will come to include the capacity to make service by using the court's facilities to transmit all documents filed in the case. It may prove most efficient to establish an environment in which a party can file with the court, making use of the court's transmission facilities to serve the filed paper on all other parties. Transmission might be by such means as a direct transmission of the paper, or by transmission of a notice of filing that includes an electronic link for direct access to the paper. Because service is under subparagraph (D), consent must be obtained from the persons served.[3]

---

[1] Perhaps for this reason, among others, Clerks of Federal Courts are specifically instructed in 28 U.S.C. §955 not to practice law. In addition, other courts have held that common sense dictates that court clerks are not qualified to give legal advice. *See, e.g., Ayres v. Jacobs & Crumpler, P.A.*, No. 94-658-SLR, 1995 U.S. Dist. LEXIS 17712, at *11 (D. Del. Nov. 20, 1995).

[2] The Boyko Group makes much ado about the fact that NEI Pension Plan filed its opposition on April 18, 2005, as did the other movants, while noting in the opposition that the last day to file the oppositions was April 21, 2005. Nothing in the Federal or Local rules prohibits a party from filing a response before the final day it is due ("*within* ten business days"), and as the Boyko Group concedes, NEI Pension Plan made it clear that it was filing the opposition on April 18, 2005, while recognizing the actual due date was April 21, 2005 under FRCP 6(e). Thus, despite the Boyko Group's attempts to portray NEI Pension Plan's actions as contradictory, NEI Pension Plan, in adhering to the Federal and Local Rules and the relevant caselaw, has always taken the view that the three extra days are allowed under FRCP 6(e) and Local Rule 6.4.

[3] Any argument that a party cannot take the extra three days for electronic service because it must first consent in writing is illogical (Counsel for the Boyko Group made this argument in the brief attached to its



Honorable Sidney H. Stein
May 3, 2005
Page 3

      Moreover, the Federal Rules Advisory Committee, after receiving comments about whether the three days should be granted for electronic filing (which is generally instantaneous), decided that because electronic service is new and certainly not foolproof, the three extra days were warranted. *See* 2001 Advisory Committee Notes to Rules 5 and 6 FRCP. Indeed, with the almost daily emergence of new computer viruses being transmitted via email, it is certainly not uncommon for email service to be disrupted, which inevitably results in the delay of a party's receipt of new filing notifications.

      For these very reasons, the Boyko Group's argument that the three days is not allowed when a party is served by electronic case filing because the service is "complete upon transmission" is a classic *non-sequitor*. Although service by the Court's ECF is "complete upon transmission," there is no assurance that the intended recipient has in fact received the notification from the electronic filing system on that same day. Rule 6(e) therefore allows for the additional three days for electronic service to ensure that such notification is actually received. Similarly, Federal Rule of Civil Procedure 5(b)(2)(B) states that service by mail is "complete upon mailing." Fed. R. Civ. P. 5(b)(2)(B). Nevertheless, a party is entitled to three additional days when service is made by mail because although service was "complete upon mailing," it does not mean that the intended recipient received the pleading at the time of mailing. By contrast, when service is done by "handing it to the person," Fed. R. Civ. P. 5(b)(2)(A)(i), no additional time is added since, under those circumstances, we *can* be assured that the intended recipient did receive the pleading at the time the service was completed.

      Furthermore, the Boyko Group has not cited a single case in support of its argument. In fact, the only courts that have considered this issue have unanimously held that a party is entitled to three extra days when service is done by electronic means, including through the Court's ECF transmission facilities. *See Crust*, 2004 U.S. Dist. LEXIS 7855, at *2 ("Although Rule 5(b)(2)(D) states that service by electronic means is complete on transmission, Rule 6(e) still provides parties an additional 3 days in which to respond when service is by electronic means."); *Miller*, 2004 U.S. Dist. LEXIS 26543, at *3 ("[E]lectronic service is deemed to be service by mail").

      The Boyko Group's argument that the three extra days should be disallowed because service is "complete upon filing" also ignores unambiguous Advisory Committee Notes to Rules 5 and 6. Initially, the Advisory Committee recommended that no change be made to Rule 6(e) to give an additional three days where service was by electronic means. *See* 2001 Advisory Committee Notes to Rule 5. The Notes specifically state that without the change, "service by these means would not affect the time for acting in response to the paper served." *Id.* The Committee asked for comments, however, on an "alternative that

---

May 2, 2005 letter). First, in this District, when a party signs the electronic consent form, it necessarily consents, in writing, to electronic service. *See* Exhibit A (Southern District of New York E-Filing Registration form stating that the signatory of the SDNY ECF Registration Form declares that "[b]y submitting this form.... I also consent to service by electronic means in the circumstances permitted under those rules, orders, policies and procedures") (attached hereto as Exhibit A). In addition, if a party is found not to have consented in writing to electronic service despite the E-filing Registration form, electronic service on that party would be invalid, and the party would then be served by U.S. Mail, thus, unquestionably entitling that party to the extra three days for service by mail under FRCP 6(e) and Rule 5(b)(2)(B).



Honorable Sidney H. Stein
May 3, 2005
Page 4

would allow an additional 3 days to respond." *Id.* "Several of the comments suggest that the added three days should be provided. Electronic transmission is not always instantaneous, and may fail for any of a number of reasons." *Id.* Consequently, as a result of these comments, the alternative rule was adopted and Rule 6(e) was amended to extend the three days to persons served by electronic means. *See* 2001 Advisory Committee Notes to Rule 6(e).

In short, despite the Boyko Group's attempt to infuse ambiguity into this issue, the Federal and Local Rules, as well as the holdings of all of the relevant caselaw, could not be more unambiguous that the additional three days are granted to parties where service is by electronic means. *See* FRCP Rules 5 and 6 and Local Rule 6.4; *Crust*, 2004 U.S. Dist. LEXIS 7855; and *Miller*, 2004 U.S. Dist. LEXIS 26543. In addition, the Boyko Group's assertion that NEI Pension Plan must "bear the consequences" if the Court rules that the three extra days are not allowed is unwarranted. Indeed, in taking the three extra days, NEI Pension Plan followed Local Rule 6.4, the clear and unambiguous Federal Rules, and the holdings of all of the courts that have considered this issue, and should not be penalized for doing so even if the Court should find that this District does not allow three additional days under FRCP 6(e) if a party is electronically served through the Court's ECF transmission facilities. NEI Pension Plan had adequate legal support in filing its Reply and supporting Declaration on April 28, 2005.

Respectfully submitted,

Samuel H. Rudman

SHR    dlh
Attachment

cc:    counsel to all parties (*see* attached service list)