# EXHIBIT B

# EXHIBIT B

Oct-28-03   11:00am   From-                                     T-383   P.012/016   F-237

___ ✓ Priority
___ ✓ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.   SA CV03-1192 DOC (ANx)                          Date: October 23, 2003
           SA CV03-1253 DOC (Anx)
           SA CV03-1381 DOC (Anx)
           SACV03-1382 DOC (Anx)
           SACV03-1393 DOC (Anx)
           SACV03-1396 DOC (Anx)

Title: Julius Thompson, on behalf of himself and all others similarly situated v. Quest Software, Inc. *et al.*

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

    Kristee Hopkins                              Not Present
    Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

    NONE PRESENT                                NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER REGARDING MOTIONS FOR APPOINTMENT OF LEAD
PLAINTIFF AND FOR CONSOLIDATION

        This matter comes before the Court on Plaintiffs Gerald Blank's and Jeffrey Gross'
respective motions for Appointment as Lead Plaintiff and for Appointment of Lead Counsel. In addition,
both Plaintiffs seek the consolidation of the six class action lawsuits against Quest Software, Inc. ("Quest").
The Court deems this motion appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local
Rule 7.11. Accordingly, the hearing set for October 27, 2003 is removed from the Court's calendar. After
consideration of the moving papers, opposing, and replying papers, the Court GRANTS Plaintiff Jeffrey
Gross' motion for Appointment as Lead Plaintiff and DENIES Plaintiff Gerald Blank's motion for
Appointment as Lead Plaintiff. The Court also orders that the six class action lawsuits against Quest be
consolidated.

ENTER ON ICMS

OCT 2 7 2003

MINUTES FORM 11 DOC
CVIL - GEN

Initials of Deputy Clerk _____
Page 1 of 5

## I.     INTRODUCTION

This action is a securities class action on behalf of all purchasers of the publicly traded securities of Defendant Quest during the "Class Period"[1] against Quest and certain of its officers and directors for alleged violations of the Securities Exchange Act.  Plaintiffs allege that during the Class Period, Defendants caused Quest's shares to trade at artificially inflated levels through the issuance of false and misleading financial statements.  On July 23, 2003, Defendants revealed that Quest's 2002 and First Quarter 2003 results were false when issued due to a computational error in revenue recognition.  Upon these news, Quest's stock dropped below $9 per share from about $12 in June 2003.  Presently, there are six separate class action lawsuits pending in this Court filed against Quest and the Individual Defendants.

## II.     ANALYSIS

### A. Consolidation

Federal Rule of Civil Procedure 42(a) provides that "when actions involving common questions of law or fact are pending before the court, it . . . may order all the actions consolidated . . . ."  The district court has "broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777 (9th Cir. 1989).  The purpose of consolidation is to avoid the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact. *EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998).

The procedure governing shareholder actions is found in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4. The PSLRA "directs that cases should be consolidated where . . . there is 'more than one action on behalf of a class asserting substantially the same claim or claims.'" *In re Cendant Corp. Litig*, 182 F.R.D. 476, 478 (D.N.J. 1998) (citing 15 U.S.C. §78u-4(a)(3)(B)(ii)). Where, as here, there is more than one action on behalf of the proposed class asserting substantially the same claim, Section §78u-4(a)(3)(B)(ii) of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(ii), requires that any motions for consolidation be decided first, and that "as soon as practicable" thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Plaintiffs Blank and Gross respectively move for consolidation of the six securities class actions filed against Quest and others in this Court. There is no dispute by any of the parties that all of the securities class actions present substantially similar factual and legal claims against the same defendants, and as such, consolidation is appropriate. The Court therefore finds that given the common questions of law or fact, and in light of the interests of avoiding unnecessary costs or delays, consolidation is proper.

---

[1] For purposes of this motion, the court shall adopt the a class period of April 30, 2002, through July 23, 2003, which is the one stated in all the complaints.

herefore, the Court GRANTS the motions for consolidation, and all related stockholder class action lawsuits shall be consolidated for all purposes, pursuant to Federal Rule of Civil Procedure 42(a).

### B. Appointment of Lead Plaintiff

The PSLRA requires that a plaintiff's Motion for Appointment as Lead Plaintiff is required to be filed by statute no later than 60 days after notice to the purported plaintiff class. *See* 15 U.S.C. §78u-4(a)(3). Both Plaintiffs brought timely motions for appointment. Plaintiff Blank filed this action on July 30, 2003 and, pursuant to Section 21D(a)(3)(A)(i) of the Securities Exchange Act of 1934, which requires published noticed 20 days within the filing of the suit, published notice to the purported class members on July 30, 2003 in *Business Wire*. On Sep 29, 2003, within 60 days from the date notice was given, Plaintiff Blank moved for an order appointing him lead plaintiff. On the same date, Plaintiff Gross moved for an order appointing him lead plaintiff.

The PSLRA provides that the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). To determine which plaintiff most adequately represents the class, the Court

> shall adopt a *presumption* that the most adequate plaintiff . . .
> is the person . . . that (aa) has either filed the complaint or made
> a motion in response to a notice . . .; (bb) in the determination of
> the court, has the largest financial interest in the relief sought by the
> class; and (cc) otherwise satisfies the requirements of Rule 23 of
> the Federal Rules of Civil Procedure."

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) (emphasis added).

This presumption may be rebutted only by proof that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of inadequately representing the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). The lead plaintiff (also known as the most adequate plaintiff) selected by the Court has the discretion to retain counsel of its choice to represent the class, subject to court approval. 15 U.S.C. §78u-4(a)(3)(B)(v).

As to the first requirement as stated in 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa), Plaintiff Blank filed the complaint, and Plaintiff Gross made a motion in response to Plaintiff Blank's notice.

As to the second requirement of largest financial interest, as stated in 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb), Plaintiff Blank has a financial interest in the relief sought, as he purchased 2,000 shares of Quest during the Class Period and allegedly sustained a loss of over $7,100. Plaintiff Gross, however, has a much more substantial financial stake in this litigation as he bought and sold 45,000 Quest

ares during the Class period and allegedly suffered total losses of at least $59,469. Plaintiff Blank disagrees that Plaintiff Gross has the largest financial interest in the litigation, arguing that Plaintiff Gross id not have a net purchase of securities during the Class Period having sold all his securities, while he himself had a net purchase of 2000 securities. Plaintiff Blank further argues that since Plaintiff Gross sold all his shares before the revelation by Defendants that Quest's 2002 and First Quarter 2003 results were false was made on July 23, 2003, he is not the most adequate plaintiff since his claim is different from the claims of those investors who retained their securities and watched them drop significantly in value after the announcement.

In other words, Plaintiff Blank is urging the Court to make a distinction between retention traders like himself who held on to their securities to their detriment, and in-and-out traders like Gross, who bought and sold securities during the Class Period suffering substantial losses. The Ninth Circuit has, however, long recognized that in-and-out traders suffer recoverable losses and may serve as class representatives. *See Blackie v. Barrack*, 524 F.2d 891, 908 (9th Cir. 1975); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1437 (9th Cir. 1987). Courts within this district have held that in-and-out traders suffer damages and are adequate class representatives. *See e.g., In re Ast Research Sec. Litig.*, 1994 WL 722888, at *4-5 (C.D. Cal. 1994) (the Ninth Circuit has "rejected contentions that the interests of in/out traders can prevent certification of a class" that includes "retention plaitniffs") (citing *Blackie*, 524 F.2d at 910); *In re Unioil Sec. Litig.*, 107 F.R.D. 615, 622 (C.D. Cal. 1985) (no conflict between retention purchasers and in-and-out traders.); *In re Gemstar–TV Guide International, Inc. Sec. Litig.*, 209 F.R.D. 447, 453 (C.D. Cal. 2002) (rejecting contention that a particular plaintiff could not act as lead plaintiff simply because it was a retention plaintiff when other plaintiffs had sold their securities during the class period). Furthermore, "[e]very class member shares an overriding common interest in establishing the existence and materiality of misrepresentations." *Blackie*, 524 F.2d at 910.

The theory behind creating no distinction between retention traders and in-and-out traders for the purpose of appointing lead plaintiffs is that the in-and-out trader suffers recoverable damages because of the difference between the stock purchase price and the value of the stock at the date of purchase. *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1437 (9th Cir. 1987). Thus, if the in-and-out trader is "ultimately . . . able to prove that the purchase price of the stock he bought was artificially inflated as a result of material misrepresentations by defendants, he will have suffered recoverable damages." *Sherman v. Widder*, 1994 WL 159450 *2 (S.D. Cal. 1994). *See also Rand v. Monsanto Co.*, 926 F. 2d 596, 597 (7th Cir. 1991) (holding that the fact that plaintiff made a profit by selling his shares for more than the purchase price does not disqualify him from recovering any loss attributable to the concealment of material information that defendant had a duty to disclose).

The Court thus determines that Plaintiff Gross has the largest financial interest having suffered losses of $59,469 during the Class Period. Also, Plaintiff Gross satisfies the requirements of typicality and adequacy as stated in Rule 23 for the purposes of this motion. Gross, like the other members of the class he seeks to represent, purchased Quest stock at potentially artificially inflated prices and was

.amaged due to Defendants' alleged fraudulent misrepresentations and omissions. Thus, Plaintiff Gross' claim is typical of the claims of the class members, the questions of law and fact of Gross' claim and the class members' claims are substantially identical and individual issues are virtually nonexistent, as each shareholder suffered the same or similar injuries. Finally, Plaintiff Gross satisfies Rule 23's adequacy requirement because his interests are aligned with the class members' interests.

There is thus created a presumption that Plaintiff Gross most adequately represents the class. Plaintiff Blank has not rebutted this presumption as he has not successfully argued either that Plaintiff Gross (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of inadequately representing the class. Plaintiff Blank's argument that Plaintiff Gross is subject to unique defenses due to his in-and-out trading practices lacks merit in light of the Court's earlier discussion of there being no distinction between in-and-out trading practices and retention practices for the purposes of appointing a lead plaintiff in a securities class action alleging fraud.

The Court thus determines that Plaintiff Gross is the most adequate plaintiff and appoints him as the lead plaintiff. The Court's decision is further strengthened by Plaintiff Gross' sophistication, expertise, and resources to supervise this litigation effectively. Although he has not served as lead plaintiff in securities class actions before, he has worked with attorneys as an expert witness on numerous occasions before. (Gross Decl. ¶5). On the other hand, the record contains no evidence that Plaintiff Blank is competent to serve as lead plaintiff in this matter or to supervise the host of attorneys representing him. There is no evidence that Plaintiff Blank possesses the requisite sophistication to supervise this litigation. Nor is there any evidence that he has the resources to supervise and participate fully in this litigation.

## III.   DISPOSITION

For the reasons set forth above, Plaintiffs' motion for consolidation of actions is GRANTED. The Court determines that Plaintiff Jeffrey Gross is most capable of adequately representing the interests of class members and pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, he is appointed Lead Plaintiff. Furthermore, Plaintiff's selection of counsel is approved and, pursuant to Section 21D(a)(3)(B)(v), the law firm of Wolf, Haldenstein, Adler, Freeman & Hertz, LLP is appointed as lead plaintiff's counsel because of its experience in prosecuting securities class actions. Plaintiff Gerald Blank's motion for appointment as lead plaintiff is DENIED.

The Clerk shall serve this minute order on all parties to the action.



MINUTES FORM 11 DOC
CIVIL - GEN

Initials of Deputy Clerk
Page 5 of 5