UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L.I.S.T., INC., On Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> VEECO INSTRUMENTS, INC., et al., <br><br> Defendants. | Civil Action No. 7:05-CV-02189-CM <br><br> **ELECTRONICALLY FILED** <br><br> <u>CLASS ACTION</u> |
| ROY P. KERSHAW, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> VEECO INSTRUMENTS, INC., et al., <br><br> Defendants. | Civil Action No. 7:05-CV-02929-CM <br><br> <u>CLASS ACTION</u> |

REPLY MEMORANDUM IN FURTHER SUPPORT OF NECA-IBEW PENSION FUND'S (THE DECATUR PLAN) MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL

I.  **INTRODUCTION**

NECA-IBEW Pension Fund (The Decatur Plan) ("NECA") respectfully submits this memorandum in further support of its motion to be appointed as lead plaintiff and for approval of NECA's choice of Lerach Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel. Two movants filed oppositions to NECA's motion for appointment as lead plaintiff, the Steelworkers Pension Trust ("Steelworkers Trust"), and Ratan LalChandani. As demonstrated in the Opposition of NECA-IBEW Pension Fund (The Decatur Plan) to Competing Motions to Appoint Lead Plaintiff and to Approve Lead Plaintiff's Choice of Lead Counsel ("NECA's Oppo."), filed on May 5, 2005, neither the Steelworkers Trust nor Ratan LalChandani can be appointed as lead plaintiff. In addition, as demonstrated in NECA's Oppo., the arguments asserted by the Steelworkers Trust and Ratan LalChandani do not prevent the appointment of NECA as lead plaintiff in this case.

II.  **ARGUMENT**

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires that the Court appoint as lead plaintiff the movant that has the largest financial interest in the litigation, and that also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Although both the Steelworkers Trust and Ratan LalChandani claim to have larger financial interests in the litigation, neither satisfies Rule 23, and therefore they cannot be appointed as lead plaintiff. *See* NECA's Oppo. at 4-7; *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (movant cannot be appointed as lead plaintiff if it "will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class").[1]

---

[1]  One other movant claimed a larger financial interest in its opening motion, Joel Mandel, but he failed to file an opposition to the competing motions for lead plaintiff appointment.

The Steelworkers Trust has conceded that it is unwilling to represent the interests of the entire class. *See* NECA's Oppo. at 4-7. *See also Borenstein v. Finova Group*, 2000 U.S. Dist. LEXIS 14732, at *26-27 (D. Ariz. Aug. 28, 2000) (holding that appointing a proposed lead plaintiff that had emphatically argued against the claims of a large subclass "would pose a significant risk that the complete interests of all class members would not be fairly and adequately protected"). Ratan LalChandani (and Joel Mandel) cannot adequately represent the interests of the class because, as individuals, they have not demonstrated that they are able to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Malasky v. IAC/InteractiveCorp*, 04 Civ. 7447 (RJH), 2004 U.S. Dist. LEXIS 25832, at *9 (S.D.N.Y. Dec. 21, 2005) (expressing concern that individual with the largest financial interest could not meet Rule 23's adequacy requirement because he was not an institutional investor, and appointing an institutional investor with him).

NECA, on the other hand, is precisely the type of institutional investor Congress intended would lead securities actions like this one. *See Schulman v. Lumenis, Ltd.*, No. 02 Civ. 1989 (DAB), 2003 U.S. Dist. LEXIS 10348, at *10 (S.D.N.Y. June 17, 2003) (holding that institutional investors are in the best position to prosecute securities fraud claims and to negotiate with and supervise counsel); *IAC*, 2004 U.S. Dist. LEXIS 25832, at *9 (appointing institution as lead plaintiff even though it did not have the largest financial interest).[2] Although the Steelworkers Trust attempts to disqualify NECA based upon the unremarkable fact that NECA sold all of its shares in Veeco prior to the end of the Class Period, such a fact does not prevent NECA from appointment as lead plaintiff. *See* NECA's Oppo. at 8-15. As already demonstrated by NECA in its opposition, in and

---

[2] *See also In re Star Gas Sec. Litig.*, No. 3:04cv1766 (JBA), 2005 U.S. Dist. LEXIS 5827, at *16 (D. Conn. Apr. 8, 2005); *Bassin v. Decode Genetics, Inc.*, 04 Civ. 7050 (RJH), 2005 U.S. Dist. LEXIS 51, at *8 (S.D.N.Y. Jan. 4, 2005).

out traders are sure to exist in any class, and especially in a case such as this where there is a partial disclosure during the class period. *Id.* In addition, even if a defense is raised against in and out traders, it will not be unique to NECA since there are likely to be hundreds of in and out traders in this case given the enormity of the volume of shares traded after the announcement. *Id.* at 11-15. For these reasons, NECA is not subject to unique defenses, and as the only institutional movant that has been forthright with the Court and that has not abandoned large subclasses of purchasers, it should be appointed as lead plaintiff in this case. *See* NECA's Oppo.; *IAC*, 2004 U.S. Dist. LEXIS 25832, at *11-13; *Schulman*, 2003 U.S. Dist. LEXIS 10348, at *10.

### III.   CONCLUSION

For the foregoing reasons, and for the reasons set forth in NECA's Oppo. and NECA's opening motion and memorandum in support thereof, NECA respectfully requests that the Court appoint it as lead plaintiff and approve its choice of Lerach Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel.

DATED: May 12, 2005

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN (SR-7957)
DAVID A. ROSENFELD (DR-7564)
MARIO ALBA, JR. (MA-7240)

*/s/ Mario Alba, Jr.*
MARIO ALBA, JR.

200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I, Mario Alba, Jr., hereby certify that on May 12, 2005, I caused a true and correct copy of the attached:

REPLY MEMORANDUM IN FURTHER SUPPORT OF NECA-IBEW PENSION FUND'S (THE DECATUR PLAN) MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

                                                /s/ Mario Alba, Jr.
                                                Mario Alba, Jr.

VEECO INSTRUMENTS (SDNY)

Service List - 4/18/2005   (05-0043N)

Page 1 of 1

### Counsel For Defendant(s)

Robert F. Serio
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY  10166-0193
   212/351-4000
   212/351-4035(Fax)

### Counsel For Plaintiff(s)

Jonathan M. Plasse
Christopher J. Keller
Shelley Thompson
Goodkind Labaton Rudoff & Sucharow LLP
100 Park Avenue, 12th Floor
New York, NY  10017-5563
   212/907-0700
   212/818-0477(Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
200 Broadhollow Road, Suite 406
Melville, NY  11747
   631/367-7100
   631/367-1173(Fax)

Eric J. Belfi
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY  10016
   212/682-1818
   212/682-1892(Fax)