# EXHIBIT A

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
ANDREW MCINTOSCH, Individually and on :
behalf of all others similarly situated, :
: 
                      Plaintiff, :    Civil Action No. 2:05-cv889
:     Senior-Judge Leonard D. Wexler
           v. :
:
VEECO INSTRUMENTS, INC., EDWARD :
BRAUN and JOHN REIN, JR. :
:
                      Defendants. :
---------------------------------------------------------------x

---------------------------------------------------------------x
BARRY LINZER, Individually and on :
behalf of all others similarly situated, :
:
                      Plaintiff, :    Civil Action No. 2:05-cv957
:     Senior-Judge Denis R. Hurley
           v. :
:
VEECO INSTRUMENTS, INC., EDWARD :
BRAUN and JOHN REIN, JR. :
:
                      Defendants. :
---------------------------------------------------------------x

[Captions continued on the following page]

**THE STEELWORKERS PENSION TRUST'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO THE COMPETING MOTIONS FILED BY <u>RATAN LALCHANDANI AND NECA-IBEW PENSION FUND (THE DECATUR PLAN)</u>**

```
------------------------------------------------------------x
BRUCE KANTOR, Individually and on            :
behalf of all others similarly situated,     :
                                             :
                        Plaintiff,           :     Civil Action No. 2:05-cv967
                                             :     Senior-Judge Leonard D. Wexler
            v.                               :
                                             :
VEECO INSTRUMENTS, INC., EDWARD              :
BRAUN and JOHN REIN, JR.                     :
                                             :
                        Defendants.          :
------------------------------------------------------------x
------------------------------------------------------------x
GEORGE WALKER, Individually and on           :
behalf of all others similarly situated,     :
                                             :
                        Plaintiff,           :     Civil Action No. 2:05-cv1003
                                             :     Judge Joanna Seybert
            v.                               :
                                             :
VEECO INSTRUMENTS, INC., EDWARD              :
BRAUN and JOHN REIN, JR.                     :
                                             :
                        Defendants.          :
------------------------------------------------------------x
------------------------------------------------------------x
PHILLIP G. COLLINS, Individually and on      :
behalf of all others similarly situated,     :
                                             :
                        Plaintiff,           :     Civil Action No. 2:05-cv1277
                                             :     Senior-Judge Leonard D. Wexler
            v.                               :
                                             :
VEECO INSTRUMENTS, INC., EDWARD              :
BRAUN and JOHN REIN, JR.                     :
                                             :
                        Defendants.          :
------------------------------------------------------------x
```

```
-----------------------------------------------------------x
SERVAAS HOLTHUIZEN, Individually and on          :
behalf of all others similarly situated,         :
                                                 :
                     Plaintiff,                  :    Civil Action No. 2:05-cv1337
                                                 :    Senior-Judge Leonard D. Wexler
             v.                                  :
                                                 :
VEECO INSTRUMENTS, INC., EDWARD                  :
BRAUN and JOHN REIN, JR.                         :
                                                 :
                     Defendants.                 :
-----------------------------------------------------------x

-----------------------------------------------------------x
GERALD J. VOGT and ELEANOR L. VOGT,              :
Individually and on behalf of themselves and     :
all others similarly situated,                   :
                                                 :
                     Plaintiffs,                 :    Civil Action No. 2:05-cv1430
                                                 :    Senior-Judge Leonard D. Wexler
             v.                                  :
                                                 :
VEECO INSTRUMENTS, INC., EDWARD                  :
BRAUN and JOHN REIN, JR.                         :
                                                 :
                     Defendants.                 :
-----------------------------------------------------------x

-----------------------------------------------------------x
TIMOTHY JOSE GROVE, Individually and on          :
behalf of all others similarly situated,         :
                                                 :
                     Plaintiff,                  :    Civil Action No. 2:05-cv1552
                                                 :    Senior-Judge Leonard D. Wexler
             v.                                  :
                                                 :
VEECO INSTRUMENTS, INC., EDWARD                  :
BRAUN and JOHN REIN, JR.                         :
                                                 :
                     Defendants.                 :
-----------------------------------------------------------x
```

**TABLE OF CONTENTS**

                                                                          **Page**

Table of Authorities ................................................................................................... ii

I.     LALCHANDANI HAS NOT REBUTTED THE PRESUMPTION
       FAVORING STEELWORKERS .................................................................... 1

       A.     Steelworkers, Not LalChandani, Used The Most Appropriate Class
             Period ................................................................................................. 1

       B.     Steelworkers Fully Disclosed All Its Veeco Transactions ................ 7

       C.     Steelworkers Has The Largest Loss Under Any Class Period .......... 9

II.    DECATUR PLAN HAS NOT REBUTTED THE PRESUMPTION
       FAVORING STEELWORKERS .................................................................. 10

III.   CONCLUSION ............................................................................................. 11

# TABLE OF AUTHORITIES

## CASES

*In re Sprint Corporation Sec. Litig.*,
  164 F. Supp. 2d 1240 (D. Kan.2001)..................................................................8

*In re Crayfish Co. Secs. Litig.*,
  2002 WL. 1268013 (S.D.N.Y. 2002).....................................................................8

*In re Merrill Lynch Tyco Research Secs. Litig.*,
  2004 WL. 305809 (S.D.N.Y. Feb. 18, 2004).........................................................5

*Under Dura Pharmaceuticals, Inc. v. Broudo*,
  125 S. Ct. 1627 (2005)..........................................................................................4

## STATUTES

15 U.S.C. § 78 u-4(a)(3)(B)(iii)(I)..............................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).............................................................................1

Fed. R. Civ. P. 6(e) ....................................................................................................1

The Steelworkers Pension Trust ("Steelworkers") hereby submits its Reply Memorandum of Law in Further Support of its Motion for Appointment as Lead Plaintiff and in Opposition to the Competing Motions filed by Ratan LalChandani ("LalChandani") and NECA-IBEW Pension Fund ("The Decatur Plan").

Lead Plaintiff movants LalChandani and the Decatur Plan, both with smaller losses than Steelworkers, have opposed the appointment of Steelworkers as Lead Plaintiff.[1] Neither has offered any valid argument - let alone the "proof"- required to rebut the PSLRA's presumption that Steelworkers is "the most adequate plaintiff." 15 U.S.C. §78 u-4(a)(3)(B)(iii)(II).

I. **LALCHANDANI HAS NOT REBUTTED THE PRESUMPTION FAVORING STEELWORKERS**

   A. **Steelworkers, Not LalChandani, Used The Most Appropriate Class Period**

Cloaking themselves in self-righteousness, counsel for LalChandani seek to wrest control of this securities fraud class action from an institutional investor, asking the Court

---

[1] All movants except for Decatur Plan electronically filed their opposition briefs on May 2, 2005. Decatur Plan filed its electronically on May 5, 2005, claiming that Fed. R. Civ. P. 6(e) enlarges the period set forth in Local Civ. R. 6.1(b) by three additional days. The Steelworkers disagrees with this interpretation of the rules, and believes that Fed. R. Civ. P. 6(e) is inapplicable to documents served electronically and instantaneously pursuant to this District's ECF system. As a result, the Steelworkers submits that the time to file an opposition expired on May 2, 2005. All opposing parties agreed, however, after the filing of the Decatur Plan opposition, that replies would be filed today, without taking a position as to whether today is the correct filing day under the Local Rules. Because the issue of when the time to file oppositions and replies under the Local Civil Rules begins to run is an important one and has arisen in numerous other cases, including cases involving counsel for Decatur Plan, and, to the knowledge of Steelworkers' counsel, has not been decided by any judge in this District, Steelworkers respectfully requests that the Court provide clarification on this issue, as a uniform rule to which all parties adhere is both appropriate and fair. See Exh. A to Seidman Decl. (attaching letter to the Honorable Sidney H. Stein addressing same issue and requesting clarification. Exhibit A to the Alba Declaration dated May 5, 2005, had been written in response to Exhibit A herein.).

to "not prematurely" evaluate the case "on its merits" and thus ignore common sense in determining the proper period of time over which losses should be calculated. The Court should not be fooled. This lawsuit is about the fraudulent financial statements issued by Veeco for the quarters ended March 31, 2004, June 30, 2004, and September 30, 2004, beginning with Veeco's publication of the March 31 financials on April 26, 2004. It is about a restatement, not an acquisition. Steelworkers asserts a Class Period from April 26, 2004 through February 10, 2005, beginning with the announcement on April 26, 2004 of the first restated quarter ended March 31, 2004. LalChandani and Decatur Plan assert a proposed class period going back to November 3, 2003, when no false statement was made nor alleged.[2]

On February 11, 2005, before the market opened, Veeco disclosed that it was undertaking an internal investigation of its accounting which it "expect[ed] would "lead to adjustments requiring the restatement" of those three quarters. *See* Exh. B to Seidman Decl. The Company characterized the problem as an "accounting issue." *Id.* One month later the Company ***did*** restate, admitting that its financial statements for the first, second, and third quarter of 2004 were false and misleading when issued. *See* Exh. C to Seidman Decl. In reaction to the "curative disclosure," Veeco's stock declined about 10% from $18.86 per share at the close of trading on February 10, 2005, to $16.96 per share through trading the next day. It currently trades at under $14.00. The diminution in value *caused* by the February 11 disclosure creates a right of action for those shareholders who purchased their shares, relying on the integrity of the market, during the time period that those false financial statements were artificially inflating the stock price. At this time,

---

[2] Similarly, there was no false statement on February 6, 2004 to justify that start date by one firm.

Steelworkers and their counsel have concluded that this is a strong "restatement case" limited to the first nine months of 2004 which *Veeco actually restated*. No previous quarters were ever restated or implicated. Steelworkers properly used April 26, 2004 to start the Class Period.

LalChandani's counsel are well aware that they "jumped the gun" in rushing to file a lawsuit following the February 11, 2005 disclosure, simply guessing as to the appropriate class period. As more information was made available, it became clear that the false statements were confined to the April 26, 2004 - February 10, 2005 period, as the majority of shareholders who filed (non-copycat) lawsuits and issued PSLRA notices seem to agree, *including* counsel for Decatur Plan. By contrast, counsel for Steelworkers did not rush to file a lawsuit. Rather, they responded on behalf of their institutional client to a series of notices issued pursuant to the PSLRA. The majority of those notices said that the Class Period began on April 26, 2004. Counsel for Steelworkers reached the same conclusion after conducting their own investigation of the facts and correctly set forth their transactions. That "customarily" the longer class period is used in lead plaintiff motions is no excuse. As shown in the attached chart, the price of Veeco stock declined 10% on February 11, 2005 with a significant increase in trading volume on disclosure of the false financials for the first three quarters of 2004. *See* Exh. D to Seidman Decl. The November 3, 2003 date that Veeco announced its acquisition of TurboDisc is a "red herring" because this case is about the false financials, not the acquisition. The only notable price drop before the February 11, 2005 curative disclosure occurred on October 12-13, 2004. But this one-day drop was caused by market reaction to Veeco's announcement of lower-than-expected orders and revenues due to "weak

3

industry-wide capital equipment conditions" unrelated and unattributable to the alleged accounting fraud at Veeco. *See* Exh. C to Steelworkers May 2 Br. Thus, any losses from the October 12, 2004 decline are not actionable in this case. Under *Dura Pharmaceuticals, Inc. v. Broudo*, 125 S. Ct. 1627 (2005), losses from in-and-out trades before disclosure of the fraud on February 11 for purposes of calculating the "largest financial interest" would appear not to be appropriate for consideration. *Id.* at 1632. Moreover, such statements referenced in LalChandani's counsel's "amended complaint" would not have caused any recoverable damages, as that complaint admits that, "[t]he truth concerning Veeco's export compliance and its effect on the Company's business and reported revenues ha[d] not yet been fully revealed to the public at the time of this filing." *See L.I.S.T., Inc. v. Veeco Instruments, et al.*, 05 CV 2189, at ¶ 44. LalChandani's counsel hope the Court will ignore that purchasers/sellers in the earlier time frame have no cause of action if they lack damages. But standing is a question the Court needs to address as a threshold matter, not something to be reserved for a class certification motion.

As Steelworkers discussed, last month's Supreme Court opinion in *Dura* reaffirmed Steelworkers' position that only losses which were proximately "caused" by defendants' fraud can properly be considered in computing the "largest financial interest." May 2, Br. at 4-6. On April 26, 2004, defendants' first financial misrepresentations were uttered and entered the market. They were the proximate "cause" of plaintiffs' economic losses, as demonstrated by the market reaction to announcement of and actual restatement of only those financials. *See Dura*, 125 S.Ct. at 1634. That the Steelworkers and its counsel are prudent and meticulous and unwilling to

expand the class simply because others did so further supports its motion for appointment as lead plaintiff. Steelworkers are intent on prosecuting only a viable action. *See, e.g., In re Merrill Lynch Tyco Research Secs. Litig.*, 2004 WL 305809, at *2-*3 (S.D.N.Y. Feb. 18, 2004) (plaintiffs' securities claim dismissed for failure to plead loss causation).

LalChandani's counsel contends that if Steelworkers were appointed lead plaintiff and filed a consolidated amended complaint asserting the shortest class period, it would be "violating its duty to putative class members for abandoning the above, valid claims" of the longer period. That argument is misplaced. Steelworkers can assure the Court that they will continue to pursue all evolving facts in this case. When filing a consolidated amended complaint, Steelworkers will assert all valid claims, and, *if justified at that time*, will use the longer period. At this time, however, it is simply not tenable to allege claims for the earlier period and aggregate any resulting losses in one's lead plaintiff motion.

It is significant that most other experienced securities class action counsel, including counsel for Decatur Plan, shared Steelworkers' good faith belief that the facts justified beginning the Class Period on April 26, 2004. More than half the complaints, nine of the fourteen PSLRA notices, and two of the five lead plaintiff petitions apparently used the same shorter Class Period as Steelworkers. Moreover, on the same day that LalChandani's counsel filed its notice in the S.D.N.Y. announcing the filing of a class action against Veeco using the November 3, 2003 date, another law firm filed a similar notice in the E.D.N.Y. using the April 26, 2004 starting date. *See* Exh. E to Seidman Decl. Indeed, a Bloomberg report listed the April 26, 2004 E.D.N.Y. case *first*. *See* Exh. F to Seidman Decl. Thus, contrary to the impression imparted by LalChandani, it was

not readily obvious to prospective lead plaintiffs that the start date of the class period was other than April 26, 2004.[3]

LalChandani's counsel argues that it is "customary" for lead plaintiff movants to use the "longest class period when calculating their PSLRA losses." But the PSLRA itself has no requirement that all subsequent complaints and lead plaintiff applications must use the class period of the first-filed case or first notice without regard to the facts. The statute states that only the first-to-file a complaint is required to publish notice, and that the notice, among other information, must advise possible class members of the pendency of the action, claims asserted, and purported class period. But it does not address nor bar the use of multiple class periods, nor state that those who file subsequent complaints or motions for lead plaintiff must blindly adopt the class period stated by the first-to-file at the risk of abandoning common sense, a fair examination of the facts, and sound legal reasoning.

LalChandani's counsel's assertion that use of a longer class period by all lead plaintiff petitioners is "customary" cannot trump the explicit language of the PSLRA that requires the Court to "adopt a presumption that the most adequate plaintiff" to serve as lead plaintiff is the one with the "largest financial interest" who "otherwise satisfies the requirement of Rule 23." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Steelworkers has the largest financial loss and satisfies the other requirements of Rule 23, including the PSLRA drafters' preference for institutional investors.

---

[3] A competing movant has indicated that it supports the Steelworkers' petition. See Joel Mandel's Notice of Non-Opposition to the Motion of the Steelworkers Pension Trust for Appointment as Lead Plaintiff, dated May 2, 2005.

### B. Steelworkers Fully Disclosed All Its Veeco Transactions

Counsel for LalChandani charge that Steelworkers attempted to "hide" its sale on January 6, 2004, and then proceed to impugn its integrity and that of its counsel. This attack is belied by the facts. All of Steelworkers' transactions for the proper Class Period starting April 26, 2004 were set forth in its initial motion papers. Purchases and sales made prior to the false statements at issue in this lawsuit are irrelevant. Indeed, Steelworkers was over-inclusive. When it became apparent that three other counsel were using the longer class period in their lead plaintiff motions, which Steelworkers believed was unsupported by the facts, nevertheless, Steelworkers promptly set forth its previous trading history in Veeco stock in its responsive brief on May 2, 2005. During the previous week, Steelworkers' counsel willingly provided transactional information for the longer period via telephone to LalChandani's counsel at his counsel's request. Under the prevailing FIFO methodology for calculating losses, Steelworkers' sale of 40,000 shares of January 6, 2004 would be matched against its pre-Class Period holdings and not be offset against the cost of share purchases which not only preceded April 26, 2004, but also preceded November 3, 2003. *See* Steelworkers' May 2 Br. at 11, n. 8.

The suggestion that Steelworkers' decision to use the correct Class Period - which both tracks the facts of the case and was set forth in the majority of complaints and PSLRA notices - was made for some nefarious purpose, is flat-out false. Rather, its counsel concluded in good faith that no other decision would have been defensible. Knowing that the false statements at issue did not occur until April 26, 2004, Steelworkers was constrained from filing a motion with respect to the extended time frame, as purchasers in the earlier time frame have no standing, cannot establish causation, and cannot in good faith plead a case for securities fraud. This decision had

7

nothing to do with Steelworkers' reported financial interest because it would have made no difference.

If anyone's credibility is at issue, it is LalChandani's counsel who misleadingly try to transform Steelworkers' net loss from its Veeco trades into a profit by positing that the 40,000 shares sold by Steelworkers on January 6, 2004 netted them pure profit. Specifically, LalChandani considers the entire $1.256 million *proceeds* from the January 6 sale as profit, which gives Steelworkers a "net gain" of $315,530.25 on its investment of $941,269.75 in its Veeco purchases on May 19-20, 2004. LalChandani May 2 Br. at 7-9. This analysis is based on the preposterous premise that the 40,000 shares were purchased *for free* and that the proceeds represented pure profit. LalChandani's counsel knows, because they asked and were informed by Steelworkers' counsel, that those shares were all acquired before the date of even the earlier class period, on December 4, 2000, October 30, 2001 and September 25, 2003, at an obvious cost of over a million dollars. LalChandani's counsel confuses the difference between "proceeds" and "profits," and ignores that every sale transaction has a corresponding purchase at a market price, and falls afoul of the FIFO methodology as well.[4]

---

[4] In contrast to Steelworkers' net loss, LalChandani's citation to cases in which courts decline to use FIFO all involve movants who have a net gain. Accordingly, they are misplaced.

Additionally, Steelworkers is the preferable lead plaintiff because LalChandani apparently retained two laws firms while Steelworkers is represented by one firm (and a local counsel to serve as liaison with the Court). The appointment of even two firms as "co-lead" counsel for a single lead plaintiff "is not without some inherent risk to the class" unnecessarily exposing the class to the risk of duplicative and costly fees which could diminish any eventual recovery with no additional benefit. *In re Crayfish Co. Secs. Litig.*, 2002 WL 1268013, at *6 (S.D.N.Y. 2002) (citing *In re Sprint Corporation Sec. Litig.*, 164 F. Supp.2d 1240, 1244 (D. Kan.2001).

### C. Steelworkers Has The Largest Loss Under Any Class Period

Steelworkers suffered a loss of $345,878.94 from its May 19 and May 20, 2004 purchases of 40,000 shares of Veeco stock, which it retained through disclosure of the fraud on February 11, 2005. This is larger than the $252,948.65 loss on retained shares suffered by LalChandani, the movant with the next largest loss. *See* Steelworkers May 2 Br. at 5.

As shown in Exhibit G, the loss of $345,879 does not change even using the longer class period under a FIFO analysis. The Steelworkers' financial interest remains the same and is still the largest of all movants under the traditional FIFO method used by courts to calculate losses of competing movants for lead plaintiff. *See* cases cited in Steelworkers May 2 Br. at 10, n. 8. Steelworkers purchased a total of 40,000 shares before November 3, 2003 and subsequently sold these same "first" 40,000 shares on January 6, 2004. Using FIFO, the 40,000 shares the Steelworkers sold on January 6, 2004 are offset by the 40,000 shares it held prior to November 3, 2003, leaving Steelworkers with the 40,000 shares it bought in May 2004 in the midst of the fraud. These "second" 40,000 shares purchased on May 19 and 20, 2004 were held until after the Class Period that ended on February 10, 2005 when adverse disclosures were made. These shares were damaged by the revelation of Veeco's fraud on February 10, 2005 and caused Steelworkers' net loss of $345,879. Steelworkers was left holding the bag with 40,000 shares when the facts giving rise to the claims of securities fraud were disclosed. FIFO methodology is especially appropriate here, where the longer class period suggested by LalChandani's counsel appears to be an artifice with no relation to the false and misleading financial statements at issue in this case.

## II. DECATUR PLAN HAS NOT REBUTTED THE PRESUMPTION FAVORING STEELWORKERS

Decatur Plan cannot overcome the reality that its $40,000 in asserted losses are insufficient to put it in the running for lead plaintiff. In fact, as previously discussed, under *Dura*, Decatur Plan has no permissible loss because it *sold all its shares* before disclosure of the fraud on February 11, 2005. There was no partial disclosure on October 12, 2004, to support any claimed damages. At the very least, the sale of all its shares before the single curative disclosure subjects Decatur Plan to the unique defense that it cannot establish that the misrepresentations caused its loss. *See* Steelworkers May 2 Br. at 14-16. Indeed, since May 2, another court considered the same issue, and disqualified the in-and-out traders there from serving as lead plaintiffs because they were "potentially subject to unique defenses" even though their asserted losses were twice as large as the next movant's. *In re Silicon Storage, Tech. Inc., Secs. Litig.*, C 05-0295 (N.D. Cal. May 3, 2005), Slip Op. at 12. *See* Exh. H to Seidman Decl. Steelworkers is not an "in-and-out"; rather, it has "out-and-in" trades, and presently is "in" 40,000 shares damaged by the fraud. Moreover, that other plaintiffs may share its in-and-out trading patterns does not aid Decatur Plan since those plaintiffs will have similar standing and causation problems and may not be included in the class of defrauded investors. The issue here is not whether these persons will be ultimately included in the class after a full Rule 23 analysis, but simply whether the proposed lead plaintiff is itself subject to a unique defense that would rebut the presumption flowing from the largest financial loss. Plainly, Steelworkers' is not subject to any such unique defense, but Decatur Plan, even if it were in the running, is so exposed.

The Court should also reject Decatur Plan's personal attacks, like those of LalChandani, that Steelworkers and their counsel "hid" its Veeco transactions during the "long class period." The attack on Steelworkers is especially disingenuous coming from Decatur Plan's counsel, considering that Decatur filed a complaint and notice on February 18, 2005 explicitly *stating that the Class Period begins on April 26, 2004. See* Exh. I to Seidman Decl. Obviously, Decatur Plan's counsel believed that the facts justified the April 26, 2004 start date, which they have now seemingly abandoned. Steelworkers does, however, fully agree with Decatur Plan when it argues that LalChandani is less desirable in this case than the competing institutional movants because he is not an institutional investor. Here, where Steelworkers has the largest loss *and* is an institution, it is presumptively the "most adequate" to represent the class as lead plaintiff.

### III.  CONCLUSION

Accordingly, Steelworkers should be appointed Lead Plaintiff and its selection of Berger & Montague as Lead Counsel and Milberg Weiss as Liaison Counsel should be approved.

Dated: May 12, 2005

BY:     /s/ Peter E. Seidman
**MILBERG WEISS BERSHAD &
  SCHULMAN LLP**
Steven G. Schulman, Esq. (SS-2561)
Peter E. Seidman, Esq. (PS-8769)
Sharon M. Lee, Esq. (SL-5612)
One Pennsylvania Plaza
New York, New York 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Proposed Liaison Counsel*

**BERGER & MONTAGUE, P.C.**
Sherrie R. Savett, Esq.
Phyllis M. Parker, Esq.
Douglas M. Risen, Esq.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

*Proposed Lead Counsel*