# EXHIBIT A



Steven G. Schulman
Direct Dial: 212-946-9356
sschulman@milbergweiss.com

May 2, 2005

VIA HAND DELIVERY

Honorable Sidney H. Stein
United States District Judge
United States Court
Southern District of New York
500 Pearl Street, Room 1010
New York, New York 10007-1312

   Re: *Lawler v. Sutcliffe*, No. 05-CV-1299 (SHS)

Dear Judge Stein:

  We are counsel for lead plaintiff movants, the Boyko Group. We wish to bring to the
Court's attention that the Reply Memorandum of Law and supporting Declaration ("Reply
Memo") of the National Elevator Industry Pension Plan, one of the moving parties herein, which
was electronically filed on April 28, 2005, appears to have been filed untimely under Local Civ.
R. 6.1(b). The time to file a reply memorandum in this case expired on April 25, 2005, and all
other movants who filed a reply, including the Boyko Group, complied with this deadline. The
question this presents is an important one that would benefit from clarification: when does the
time to file oppositions and replies under the Local Civil Rules begin to run if papers were filed
electronically under the Court's mandated uniform procedures at this time? The issue has arisen
several times in different lead plaintiff disputes but no sitting judge in this District, to our
knowledge, has actually decided this issue.

  Local Civ. R. 6.1(b) governs the time to file a reply, and it states, "any reply affidavits
and memorandum of law shall be served *within five business days* after service of the answering
papers." (emphasis added) In this case, the Boyko Group's opposition papers were electronically
filed on April 18, 2005, and, pursuant to this District's Electronic Case Filing ("ECF") system,
notification and service of same was transmitted on the same day to all movants' counsel,
including counsel for the National Elevator Industry Pension Plan. *See* Exh. A hereto (attaching

**Milberg Weiss Bershad & Schulman LLP**

One Pennsylvania Plaza · New York, NY 10119 · 212-594-5300 · Fax 212-868-1229 · www.milbergweiss.com

NEW YORK · BOCA RATON · WILMINGTON · SEATTLE · WASHINGTON, D.C.

Honorable Sidney H. Stein
May 2, 2005
Page 2

Notice of Electronic Filing of Boyko Group opposition papers).[1]  Therefore, the time to file a
reply memorandum to the Boyko Group's opposition, and the oppositions filed by other
movants, expired five business days later, or Monday, April 25, 2005--- not April 28, 2005.

While Fed. R. Civ. P. 6(e) enlarges the period set forth in Local Civ. R. 6.1(b) by three
days for certain methods of service, including use of the U.S. mails, we were previously advised
by this District's Deputy Clerk that due to this District's adoption of ECF, which provides
instantaneous e-mail notification and service of any electronic filing to registered users, Fed. R.
Civ. P. 6(e) affords no extra time.  *See* Exh. B (attaching Supplemental Declaration which
includes, as an exhibit, the Affidavit of Michael Friedman ("Friedman Aff."), attesting to
guidance received from this District's Deputy Clerk).  This District's Procedures For Electronic
Case Filing ("ECF Procedures")[2] and Local Civ. R. 5.2 support this conclusion.[3]  The same
issue has arisen in another case in this District involving the same movant law firms, including
counsel for the National Elevator Industry Pension Plan, but was not addressed by the Court at
that time.

As this issue has arisen previously in cases in which counsel for the National Elevator
Industry Pension Plan's counsel were involved, they were on notice that such a late filing would
be challenged and, therefore, must bear the consequence of taking this approach if the Court
finds that they have misconstrued the rules and disregarded the guidance of the District Clerk
which was previously communicated to them in a different case also under the PSLRA "lead

---

[1] All other movants that filed answering papers in this action, including the National
Elevator Industry Pension Plan, also did so on April 18, 2005.

[2] Paragraph No. 9 of the ECF Procedures, entitled "Service of Documents by Electronic
Means", addresses two methods of service:  (1) service by e-mail to registered users of this
District's ECF system, and (2) service by paper copy upon non-registered users.  The Court,
however, only directs that service by paper copy shall be made according to the Federal Rules of
Civil Procedure, and not service by e-mail.  Paragraph 9 states that "[t]ransmission of the Clerk's
Notice of Electronic Filing of a document ***shall constitute service*** of such document upon any
Filing User in that case."  ECF Procedures, ¶ 9.  Since counsel for the National Elevator Industry
Pension Plan is a registered user (*see* Exh. A), and instantaneous e-mail notification and service
of the Boyko Group's April 18, 2005 answering memorandum was transmitted to it on the same
day, Fed. R. Civ. P 6(e) does not apply and the deadline to file an answer, therefore, was April
25, 2005.

[3] L. Civ. R. 5.2 suggests that service is complete upon electronic filing.  The rule states
that, "A paper served and filed by electronic means in accordance with procedures promulgated
by the Court is, for purposes of Federal Rule of Civil Procedure 5, served and filed in
compliance with the local civil rules of the Southern and Eastern Districts of New York."

Milberg Weiss Bershad & Schulman LLP

DOCS\280020v1

Honorable Sidney H. Stein
May 2, 2005
Page 3

plaintiff" provisions. *See* Exh. B (attaching certificate of service of above-mentioned
Supplemental Declaration upon counsel for National Elevator Industry Pension Plan). Counsel
for the National Elevator Industry Pension Plan's awareness of this issue is clearly illustrated in
the their client's opposition which stated (we believe erroneously) in a footnote that, "NEI
Pension Plan files this opposition on April 18, 2005, while recognizing that the actual due date
for the opposition is April 21, 2005. . . "

    If Your Honor agrees with us, the National Elevator Industry Pension Plan's Reply
Memo should be disregarded. A uniform rule to which all parties adhere is both appropriate and
fair, and would preclude parties from unjustly benefiting from any additional time to review and
respond to arguments after the time to do so has expired.

Respectfully submitted,

Steven G. Schulman

SGS:sml
Encl.

cc:    All counsel of record
      (w/ encl., by facsimile and U.S. Mail)

Milberg Weiss Bershad & Schulman LLP

DOCS\280020v1

# Exhibit A

Lee, Sharon

**From:**    NYSD_ECF_Pool@nysd.uscourts.gov
**Sent:**    Monday, April 18, 2005 10:54 PM
**To:**    Courtmail@nysd.uscourts.gov
**Subject:** Activity in Case 1:05-cv-01299-SHS Lawler v. Sutcliffe et al "Memorandum of Law in Oppisition to Motion"

\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid
ter charges, download a copy of each document during this first viewing.

## U.S. District Court

### Southern District of New York

)tice of Electronic Filing

ie following transaction was received from Alba, Mario entered on 4/18/2005 at 10:53 PM EDT and filed on 4/18/2005

ıse Name:        Lawler v. Sutcliffe et al
ıse Number:      1:05-cv-1299
ler:             National Elevator Industry Pension Plan
)cument Number: 26

)cket Text:
EMORANDUM OF LAW in Opposition re: [2] MOTION to Appoint The Boyko Group to serve as lead plaintiff(s).,
3] MOTION to Appoint Takhar Group to serve as lead plaintiff(s)., [5] MOTION to Appoint The Pasi Group to serve
lead plaintiff(s)., [9] MOTION to Appoint Kostmayer Investments, Inc./Anthony Krzywicki/Ming Hong Club to serve
lead plaintiff(s)., [19] AMENDED MOTION to Appoint Alberto Ruiz, Navierre Pierre, Randall Logue and Thomas
ınn to serve as lead plaintiff(s) *and to consolidate actions (with Exhibit D & E attached per Court's instruction).,* [6]
)TION to Appoint ABC Arbitrage to serve as lead plaintiff(s) *Notice of Motion by ABC Arbitrage for Consolidation,*
*its Appointment as Lead Plaintiff & for Approval of Lead Plaintiff's Selection of Lead Counsel; Proposed Order; &*
*rtificat. Document filed by National Elevator Industry Pension Plan. (Alba, Mario)*

*e following document(s) are associated with this transaction:*

*cument description:Main Document*
*iginal filename:n/a*
*:ctronic document Stamp:*
*'AMP dcecfStamp_ID=1008691343 [Date=4/18/2005] [FileNumber=1203902-0*
*7d246020978e5216a4f0e1395472edd6b4a91686cf926098c487559141e5d3a4534*
*293b788761e79a89ef68f50e4817a7dc648339e3d957188d5453c1368f1]]*

)5-cv-1299 Notice will be electronically mailed to:

rio Alba , Jr    malba@lerachlaw.com, e_file_ny@lerachlaw.com

ic James Belfi    ebelfi@murrayfrank.com

ıron Maine Lee    smlee@milberg.com

niella Quitt    dquitt@whesq.com

:/2005

*muel Howard Rudman    srudman@cauleygeller.com*

*van J Smith    esmith@brodsky-smith.com*

**05-cv-1299 Notice will be delivered by other means to:**

**Lee, Sharon**

**From:**    NYSD_ECF_Pool@nysd.uscourts.gov
**Sent:**    Monday, April 18, 2005 9:39 PM
**To:**    Courtmail@nysd.uscourts.gov
**Subject:** Activity in Case 1:05-cv-01299-SHS Lawler v. Sutcliffe et al "Declaration in Opposition to Motion"

**\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid
:ter charges, download a copy of each document during this first viewing.**

## U.S. District Court

## Southern District of New York

otice of Electronic Filing

ne following transaction was received from Lee, Sharon entered on 4/18/2005 at 9:39 PM EDT and filed on 4/18/2005
**ase Name:**    Lawler v. Sutcliffe et al
**ase Number:**    1:05-cv-1299
**ler:**    The Boyko Group
ocument Number: 25

ocket Text:
ECLARATION of Peter E. Seidman in Opposition re: [9] MOTION to Appoint Kostmayer Investments, Inc./Anthony
zywicki/Ming Hong Club to serve as lead plaintiff(s)., [19] AMENDED MOTION to Appoint Alberto Ruiz, Navierre
erre, Randall Logue and Thomas Gunn to serve as lead plaintiff(s) *and to consolidate actions (with Exhibit D & E
ached per Court's instruction).*, [10] MOTION to Appoint National Elevator Industry Pension Plan to serve as lead
aintiff(s)., [13] MOTION to Appoint Takhar Group to serve as lead plaintiff(s)., [5] MOTION to Appoint The Pasi
oup to serve as lead plaintiff(s)., [6] MOTION to Appoint ABC Arbitrage to serve as lead plaintiff(s) *Notice of Motion
ABC Arbitrage for Consolidation, for its Appointment as Lead Plaintiff & for Approval of Lead Plaintiff's Selection of
ad Counsel; Proposed Order; & Certificat*, [16] MOTION to Appoint Alberto Ruiz, Nazaire Pierre, Randall Logue,
omas Ginn to serve as lead plaintiff(s) (The Ruiz Group!).. Document filed by The Boyko Group. (Attachments: # (1)
hibit A# (2) Exhibit B# (3) Exhibit C# (4) Exhibit D# (5) Exhibit E# (6) Exhibit F# (7) Exhibit G)(Lee, Sharon)

e following document(s) are associated with this transaction:

cument description:Main Document
iginal filename:n/a
ctronic document Stamp:
AMP dcecfStamp_ID=1008691343 [Date=4/18/2005] [FileNumber=1203884-0
901df01820c10589aa88e1adb0270f98a814e87ef02e1816d71c56c9b18354e4db
7ef212d7a0e0e4133e86e1e0ae337aea6af50fe605c9ed9082cf1a14ec]]
cument description:Exhibit A
ginal filename:n/a
ctronic document Stamp:
AMP dcecfStamp_ID=1008691343 [Date=4/18/2005] [FileNumber=1203884-1
e93c1cf6ccd3cc7c347d0b74a651eb2de508572a87c96adab42c3f421b18472217
b7b54bc66b82f0b6b7cc3700f47c4f1da46646e55b6b11afe8a8751198]]
cument description:Exhibit B
ginal filename:n/a
ctronic document Stamp:
AMP dcecfStamp_ID=1008691343 [Date=4/18/2005] [FileNumber=1203884-2

/2005

# Exhibit B

## CERTIFICATE OF SERVICE

I, Sharon M. Lee, an associate with the law firm Milberg Weiss Bershad & Schulman LLP, hereby certify that I caused a true and correct copy of the following document to be served by regular mail to all parties listed on the attached service list on this 7th day of July, 2004.

1.  NOTICE OF MOTION TO FILE SURREPLY MEMORANDUM OF LAW

2.  FRANICH GROUP'S SURREPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF CO-LEAD COUNSEL

3.  SUPPLEMENTAL DECLARATION OF PETER E. SEIDMAN IN SUPPORT OF THE FRANICH GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF CO-LEAD COUNSEL

                                        /s/
                                  Sharon M. Lee

China Life Service List

| **Plaintiffs' Counsel** | |
|---|---|
| Richard S. Wayne<br>Joseph H. Braun<br>Charles G. Atkins<br>**Strauss & Troy**<br>The Federal Reserve Building<br>150 east Fourth Street<br>Cincinnati, OH 452502-4018<br>Tel: 513-621-2120<br>Fax: 513-629-9426 | Kenneth H. Vianale<br>Julie Prag Vianale<br>**Vianale & Vianale LLP**<br>5355 Town Center Road, Suite 801<br>Boca Raton, FL 33486<br>Tel: 561-391-4900<br>Fax: 561-368-9274 |
| | **Attorneys for The Chien Group** |
| Stanley M. Chesley<br>James R. Cummins<br>**Waite, Schneider, Bayless & Chesley Co.,<br>L.P.A.**<br>1513 Fourth & Vine Tower<br>One West Fourth Street<br>Cincinnati, OH 45202<br>Tel: 513-621-0267<br>Fax: 513-621-0262 | Jeffrey W. Lawrence<br>Elizabeth A. Acevedo<br>**Lerach Coughlin Stoia<br>  & Robbins LLP**<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111-5238<br>Telephone: 415-288-4545<br>Facsimile: 415-288-4534 |
| **Attorneys for David Kammerer, Michael<br>Collins and Lai Ming Pang** | William S. Lerach<br>Darren J. Robbins<br>**Lerach Coughlin Stoia<br>  & Robbins LLP**<br>401 B Street, Suite 1700<br>San Diego, CA 92101-4297<br>Telephone: 619-231-1058<br>Facsimile: 619-231-7423 |
| Marc A. Topaz<br>Richard A. Maniskas<br>**Schiffrin & Barroway, LLP**<br>Three Bala Plaza East, Suite 400<br>Bala Cynwyd, PA 19004<br>Telephone: 610-667-7706<br>Facsimile: 610-667-7056 | |
| | **Attorneys for Sau Ki Ho, Chung Shing<br>Tommy Ho, Deyi Shi and Guoxin Jiang** |
| **Attorneys for the "Cheng Family"** | Martin D. Chitwood<br>Lauren S. Antonino<br>**Chitwood & Harley, LLP**<br>2300 Promenade II<br>1230 Peachtree Street, N.E.<br>Atlanta, GA 30309<br>Telephone: 404-873-3900<br>Facsimile: 404-876-4476 |
| Joseph H. Weiss<br>**Weiss & Yourman**<br>551 Fifth Avenue, Suite 1600<br>New York, NY 10176<br>Telephone: 212-682-3025<br>Facsimile: 212-682-3010 | |
| **Attorneys for "the Abraham Proposed Lead<br>Plaintiffs"** | **Proposed Co-Lead Counsel for the Franich<br>Group and the Class** |
| Samuel H. Rudman | |

David A. Rosenfeld
**Geller & Rudman LLP**
200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone: 631-367-7100
Facsimile: 631-367-1173

**Attorneys for Craig Schutte**

William B. Federman
**Federman & Sherwood**
120 N. Robinson, Suite 2720
Oklahoma City, OK 73102
Telephone: 405-235-1560
Facsimile: 405-239-2112

**Attorneys for Thurman Dale Hammett**

Gregory M. Egelston
Menachem E. Lifshitz
**Bernstein, Liebhard & Lifshitz, L.L.P.**
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile : (212) 779-3218

**Attorneys for Richard B. Churchville**

## **Defendants**

Wang Xianzhang
Long Yongtu
Chau Take Hay
Miao Fuchun
Wu Yan
c/o
**China Life Insurance Company Limited**
No. 16 Chaowai Street
Chaoyang District
Beijing, China 100020
Telephone: (008610) 85659999
Facsimile: (008610) 85252232

Peter D. Bull
Joshua M. Lifshitz
**Bull & Lifshitz, LLP**
18 East 41st Street
New York, NY 10017
Telephone: 212-213-6222
Facsimile: 212-213-9405

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROY VAN BROEKHUIZEN, Individually and on Behalf of All Others Similarly Situated, | : |
| Plaintiff, | : Civil Action No.: 1:04cv2112 (TPG) |
| vs. | : |
| CHINA LIFE INSURANCE COMPANY LIMITED, WANG XIANZHANG, LONG YONGTU, CHAU TAK HAY, MIAO FUCHUN and WU YAN, | : |
| Defendants. | : |
| CRAIG SCHUTTE, Individually and on Behalf of All Others Similarly Situated, | : |
| Plaintiff, | : Civil Action 1:04cv2278 (TPG) |
| vs. | : |
| CHINA LIFE INSURANCE COMPANY LIMITED, WANG XIANZHANG, LONG YONGTU, CHAU TAK HAY, MIAO FUCHUN and WU YAN, | : |
| Defendants. | : |
| SIMON ZAPOLOTSKY, Individually and on Behalf of All Others Similarly Situated, | : |
| Plaintiff, | : Civil Action 1:04cv2346 (SAS) |
| vs. | : |
| CHINA LIFE INSURANCE COMPANY LIMITED, WANG XIANZHANG, LONG YONGTU, CHAU TAK HAY, MIAO FUCHUN and WU YAN, | : |
| Defendants. | : |

[Caption continues on next page]

**SUPPLEMENTAL DECLARATION OF PETER E. SEIDMAN IN SUPPORT OF THE FRANICH GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF CO-LEAD COUNSEL**

| | | |
|---|---|---|
| DAVID KAMMERER, Individually and on Behalf of All Others Similarly Situated, | : | |
| | : | |
| Plaintiff, | : | Civil Action 1:04cv2821 (RJH) |
| | : | |
| vs. | : | |
| | : | |
| CHINA LIFE INSURANCE COMPANY LIMITED, WANG XIANZHANG, LONG YONGTU, CHAU TAK HAY, MIAO FUCHUN and WU YAN, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| CARA WILSON, Individually and on Behalf of All Others Similarly Situated, | : | |
| | : | |
| Plaintiff, | : | Civil Action 1:04cv3218 (RJH) |
| | : | |
| vs. | : | |
| | : | |
| CHINA LIFE INSURANCE COMPANY LIMITED, WANG XIANZHANG, LONG YONGTU, CHAU TAK HAY, MIAO FUCHUN and WU YAN, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| RONALD WEAVER, Individually and on Behalf of All Others Similarly Situated, | : | |
| | : | |
| Plaintiff, | : | Civil Action 1:04cv3352 (UA) |
| | : | |
| vs. | : | |
| | : | |
| CHINA LIFE INSURANCE COMPANY LIMITED, WANG XIANZHANG, LONG YONGTU, CHAU TAK HAY, MIAO FUCHUN and WU YAN, | : | |
| | : | |
| Defendants. | : | |

**[Caption continues on next page]**

THURMAN DALE HAMMETT,
Individually and on Behalf of All Others
Similarly Situated,                                    :

                         Plaintiff,          :          Civil Action 1:04cv3430 (UA)

       vs.

CHINA LIFE INSURANCE COMPANY
LIMITED, WANG XIANZHANG, LONG
YONGTU, CHAU TAK HAY, MIAO
FUCHUN and WU YAN,                                     :

                     Defendants.

MICHAEL FUSARELLI, Individually and
on Behalf of All Others Similarly Situated,            :

                         Plaintiff,          :          Civil Action 1:04cv3550 (TPG)

       vs.

CHINA LIFE INSURANCE COMPANY
LIMITED, WANG XIANZHANG, LONG
YONGTU, CHAU TAK HAY, MIAO
FUCHUN and WU YAN,                                     :

                     Defendants.

RICHARD B. CHURCHVILLE, On Behalf
of Himself and All Others Similarly Situated,          :

                         Plaintiff,          :          Civil Action 1:04cv3693 (JGK)

       vs.

CHINA LIFE INSURANCE COMPANY
LIMITED, WANG XIANZHANG, LONG
YONGTU, CHAU TAK HAY, MIAO
FUCHUN and WU YAN,                                     :

                     Defendants.

I, Peter E. Seidman, under penalties of perjury, hereby declares:

1.      I am a partner of the law firm of Milberg Weiss Bershad & Schulman LLP. I submit this supplemental declaration in support of the Franich Group's motion for appointment as Lead Plaintiff and approval of its selection of Co-Lead Counsel.

2.      Attached hereto as Exhibit A is the Declaration Of Michael E. Friedman In Support Of The Franich Group's Motion For Appointment As Lead Plaintiff, And Approval Of Selection Of Co-Lead Counsel, dated July 6, 2004.

3.      Attached hereto as Exhibit B is a true and correct copy of the slip opinion in *In re Royal Dutch/Shell Sec. Litig.*, No 04-374 (D.N.J. June 30, 2004).

4.      Attached hereto as Exhibit C is a true and correct copy of the slip opinion in *In re Carreker Corp. Sec. Litig.*, No. 3:03-CV-0250-M (N.D. Tex. Aug. 14, 2003).

5.      Attached hereto as Exhibit D is the Declaration of James V. Feinerman, Esq. In Support Of The Motion Of The Franich Group To Be Appointed Lead Plaintiff And For Approval Of Its Selection Of Co-Lead Counsel, dated July 6, 2004

6.      Attached hereto as Exhibit E is a true and correct copy of Bei Hu, *China Life Parent Not In A League Of Its Own*, S. CHINA MORNING POST, Apr. 9, 2004.

7.      Attached hereto as Exhibit F is a true and correct copy of *Chinese SOE Overseas Listing Unlikely To Be Halted By US Security Probe*, XINHUA NEWS AGENCY, Apr. 6, 2004.

8.      Attached hereto as Exhibit G is a true and correct copy of Anthony Spaeth, *Hong Kong's Defiance*, TIME ASIA MAGAZINE, June 14, 2004.

9.      Attached hereto as Exhibit H is a true and correct copy of Tyler Marshall, *Activists in Hong Kong Sense Intimidation in the Air*, L.A. TIMES, May 22, 2004.

10.    Attached hereto as Exhibit I is a true and correct copy of Kevin Rafferty, *China threatens Hong Kong's freedoms,* JAPAN TIMES.

Dated:    July 7, 2004
          New York, New York

                              _____/s/_____

                         Peter E. Seidman

Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ROY VAN BROEKHUIZEN, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

    vs.

CHINA LIFE INSURANCE COMPANY LIMITED,
WANG XIANZHANG, LONG YONGTU, CHAU
TAK HAY, MIAO FUCHUN and WU YAN,

        Defendants.

Civil Action No.: 1:04cv2112 (TPG)

---

CRAIG SCHUTTE, Individually and on Behalf of
All Others Similarly Situated,

        Plaintiff,

    vs.

CHINA LIFE INSURANCE COMPANY LIMITED,
WANG XIANZHANG, LONG YONGTU, CHAU
TAK HAY, MIAO FUCHUN and WU YAN,

        Defendants.

Civil Action 1:04cv2278 (TPG)

---

SIMON ZAPOLOTSKY, Individually and on Behalf
of All Others Similarly Situated,

        Plaintiff,

    vs.

CHINA LIFE INSURANCE COMPANY LIMITED,
WANG XIANZHANG, LONG YONGTU, CHAU
TAK HAY, MIAO FUCHUN and WU YAN,

        Defendants.

Civil Action 1:04cv2346 (SAS)

---

[Caption continues on next page]

**DECLARATION OF MICHAEL E. FRIEDMAN IN SUPPORT OF THE FRANICH
GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL
OF SELECTION OF CO-LEAD COUNSEL**

DAVID KAMMERER, Individually and on
Behalf of All Others Similarly Situated,

      Plaintiff,

  vs.

CHINA LIFE INSURANCE COMPANY
LIMITED, WANG XIANZHANG, LONG
YONGTU, CHAU TAK HAY, MIAO
FUCHUN and WU YAN,

      Defendants.

Civil Action 1:04cv2821 (RJH)

---

CARA WILSON, Individually and on Behalf
of All Others Similarly Situated,

      Plaintiff,

  vs.

CHINA LIFE INSURANCE COMPANY
LIMITED, WANG XIANZHANG, LONG
YONGTU, CHAU TAK HAY, MIAO
FUCHUN and WU YAN,

      Defendants.

Civil Action 1:04cv3218 (RJH)

---

RONALD WEAVER, Individually and on
Behalf of All Others Similarly Situated,

      Plaintiff,

  vs.

CHINA LIFE INSURANCE COMPANY
LIMITED, WANG XIANZHANG, LONG
YONGTU, CHAU TAK HAY, MIAO
FUCHUN and WU YAN,

      Defendants.

Civil Action 1:04cv3352 (UA)

---

[Caption continues on next page]

THURMAN DALE HAMMETT,
Individually and on Behalf of All Others
Similarly Situated,

        Plaintiff,

    vs.

CHINA LIFE INSURANCE COMPANY
LIMITED, WANG XIANZHANG, LONG
YONGTU, CHAU TAK HAY, MIAO
FUCHUN and WU YAN,

        Defendants.

Civil Action 1:04cv3430 (UA)

---

MICHAEL FUSARELLI, Individually and
on Behalf of All Others Similarly Situated,

        Plaintiff,

    vs.

CHINA LIFE INSURANCE COMPANY
LIMITED, WANG XIANZHANG, LONG
YONGTU, CHAU TAK HAY, MIAO
FUCHUN and WU YAN,

        Defendants.

Civil Action 1:04cv3550 (TPG)

---

RICHARD B. CHURCHVILLE, On Behalf
of Himself and All Others Similarly Situated,

        Plaintiff,

    vs.

CHINA LIFE INSURANCE COMPANY
LIMITED, WANG XIANZHANG, LONG
YONGTU, CHAU TAK HAY, MIAO
FUCHUN and WU YAN,

        Defendants.

Civil Action 1:04cv3693 (JGK)

I, MICHAEL E. FRIEDMAN, declare, pursuant to 28 U.S.C. §1746, as follows:

1.    I am the Managing Attorney at Milberg Weiss Bershad & Schulman LLP and am admitted to practice before this Court. I submit this affidavit in support of the Franich Group's Memorandum of Law, dated June 14, 2004, and in opposition to The Ho Group's Reply Memorandum of Law, dated June 17, 2004, with respect to the issue of service of papers in connection with Electronic Case Filing ("ECF") in the Southern District of New York ("SDNY").

2.    Rule 9 of the SDNY Procedures for Electronic Case Filing state that "[t]ransmission of the Clerk's Notice of Electronic Filing of a document shall constitute service of such document upon any Filing User in that case." No where in these procedures does the Court authorize, or even reference, that a party is entitled to add three extra days when responding to a document filed and served via the ECF system.

3.    The SDNY Guidelines for Electronic Case Filing reiterates the aforementioned service provisions of Rule 9 and furthermore, makes no mention about permitting a party to add an additional three days when responding to a document filed and served via the ECF system.

4.    The Electronic Case Filing in the Second Circuit Courts Report ("The Report") issued by the Federal Bar Council does not make any statements about adding three days to a response time when served ECF.

5.    While Federal Rules of Civil Procedure Rule 5(b)(2)(D) provides for service by electronic means, and in certain situations, such as service by facsimile, and FRCP Rule 6(e) permits an additional 3 days to respond to documents served in such a manner, the person served must provide prior written consent to such electronic service.

6.     Since none of the Court's Guides or Procedures for Electronic Case Filing expressly authorize adding three days to a response time when a registered user is served via the ECF system, and considering that there is general ambiguity at large concerning the ECF system and Federal and Local Rules, I made numerous telephone calls to various clerks in this District seeking clarification and guidance.

7.     On May 26, 2004, I spoke with a clerk in the Cashier's Office, which is the main filing office in SDNY, and inquired whether an ECF registered user for a case would be entitled to three extra days to their response time when a motion is filed via the ECF system. The clerk said no because when a motion is filed via ECF, the registered users receive an instant e-notification which constitutes immediate service thus there would be no need for additional time. When I questioned further how ECF service is affected by Federal Rules of Civil Procedure 6(e) and 5(b)(2)(D), which address service by electronic means, the clerk stated that under those rules prior written consent is required by the person served, and without that, three days would not be added. Additionally, the clerk stated that those rules were intended for service by facsimile.

8.     On June 2, 2004, I spoke with several clerks in the ECF Help Desk Office at SDNY and made the same inquiry as stated in the preceding paragraph. I was again told that a registered user who receives an e-notification of the filing of a motion would not be entitled to three extra days to respond. Furthermore, the clerks stated that the ECF system transmits an immediate notification of the filing to the registered user which constitutes service to the registered users, and therefore, they would not need additional time to respond thererto. I again pointed out the relevant Federal Rules, but was told that they did not specifically address service via ECF—only mail and facsimile service.

9.    On June 9, 2004, I spoke with a clerk in the Deputy Chief Clerk's Office at SDNY and continued with the same line of questions. I also asked the clerk to consider the impact of FRCP 6(e) and 5(b)(2)(D), as well as the relevant Local Rules, on the issue. The clerk told me that there is clearly ambiguity regarding this issue. However since there is no provision in the ECF rules which awards three extra days when a registered user receives an e-notification of an ECF filing, he did not believe that three extra days are given when responding to a motion that was ECF filed. Furthermore the clerk stated that this issue would probably have to be addressed by the Board of Judges which deals with Court rules.

10.    Based upon the forgoing conversations I had with the clerks in this District and the ambiguity of the Rules and Procedures, counsel for the Franich Group believes that FRCP 6(e), adding three days to a response time, is not permitted, and that all briefs in reply to the Franich Group's opposition brief were due June 14, 2004.


DATED:  July 6, 2004


                                        /s/
                    Michael E. Friedman (MF-0817)