BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|   |   |   |
|---|---|---|
| IN RE VEECO INSTRUMENTS, INC. SECURITIES LITIGATION | : : : : | MDL Docket No. 1695 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS VEECO INSTRUMENTS INC., EDWARD H. BRAUN AND JOHN F. REIN, JR.'S MOTION TO TRANSFER AND CONSOLIDATE ACTIONS FOR PRETRIAL PROCEEDINGS**

Proposed Lead Plaintiff NECA-IBEW Pension Fund (The Decatur Plan) ("Plaintiff" or "NECA") respectfully submits this memorandum of law in opposition to Defendants' motion for transfer under 28 U.S.C. §1407 to the United States District Court for the Southern District of New York ("Southern District").

**I.    PRELIMINARY STATEMENT**

Presently pending before the Judicial Panel on Multi-District Litigation (the "Panel") are ten-related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired Veeco Instruments Inc. ("Veeco" or the "Company") shares between November 3, 2003 and February 10, 2005, inclusive (the "Class Period"), and allege violations of

Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5). Eight of these actions are pending in the United States District Court for the Eastern District of New York ("Eastern District") and two in the Southern District. Defendants have moved to transfer the actions pending in the Eastern District to the Southern District.

The thrust of defendants' motion is that the cases should be consolidated and transferred to the Southern District because: (i) the initial action was filed in the Southern District; (ii) the Southern District is a convenient forum for defendants' counsel and "within thirty miles" of witnesses and documents; (iii) one group of plaintiffs has expressed its intent to transfer the cases to the Southern District; and (iv) the Panel has always expressed a preference for transferring complex multidistrict securities class actions to the Southern District.

As explained herein, defendants' arguments do not support transfer of these cases to the Southern District. While Plaintiff agrees that these actions should be consolidated and coordinated to avoid duplicative pretrial rulings such as the appointment of Lead Plaintiff and Lead Counsel, the most convenient forum in which these actions should be litigated is unquestionably the Eastern District.

As an initial matter, the Eastern District is where all of the defendants to these actions can be found. Specifically, the Company maintains its principal corporate offices in Woodbury, New York, and the Individual Defendants reside in Nassau County, both of which are located within the Eastern District. Moreover, most, if not all, of the documents pertinent to this litigation are maintained in the Eastern District.

Furthermore, eight of the ten cases filed against Veeco were filed in the Eastern District. Indeed, as explained herein in detail, it appears that the two actions that were filed in the Southern District were only filed there on the mistaken belief that Woodbury, New York is located in the Southern District. It is not – it is located in the Eastern District. Additionally, the Eastern District is conveniently accessible by both private and public transportation, including three major airports, one of which is located within minutes of the courthouse in the Eastern District. Finally, the first-filed case in the Eastern District has been assigned to the Honorable Leonard D. Wexler, who has served as the judge in numerous other securities class actions. Moreover, six of the eight cases in the Eastern District have already been assigned to Judge Wexler.

Accordingly, for these reasons and as described below in more detail, it is respectfully submitted that the Eastern District is clearly the most appropriate forum to bring these actions.

## II.   ARGUMENT

### THE ACTIONS SHOULD BE CONSOLIDATED OR COORDINATED IN THE EASTERN DISTRICT

28 U.S.C. §1407 authorizes the transfer of civil actions pending in different federal districts and involving common questions of fact to a single federal district court for the purposes of coordinating pretrial proceedings if consolidation will: (i) further the convenience of the parties and witnesses; and (ii) promote the just and efficient conduct of the coordinated actions.

Plaintiff agrees that the requirements for transfer under section 1407 are satisfied and that the actions should be consolidated in a single district. The cases share many common questions of fact and are predicated on the same allegedly improper conduct. Accordingly, the cases will undoubtedly involve overlapping discovery and consolidation in a single district would best promote judicial economy.

### 1. Defendants are Located in the Eastern District

One of the most obvious factors that demonstrate "convenience" is consideration of where the defendant is located, *i.e.*, where Veeco maintains its corporate headquarters, where the Individual Defendants reside and where relevant documents and witnesses will likely be found. Veeco maintains its corporate headquarters in Woodbury, New York. Defendants Braun and Rein, the Company's Chief Executive Officer and Chief Financial Officer, reside in Nassau County. Both Woodbury and Nassau County are located in the Eastern District. Furthermore, the documents evidencing the improper accounting transactions at issue in this case are/were maintained, audited and investigated internally by members of Veeco's staff in Woodbury, New York, *i.e.* in the Eastern District.

The consideration of where a defendant maintains its corporate headquarters, and which is where documents and witnesses will likely be, is often heavily relied upon by the Panel. For example, in *In re Foundry Resins Antitrust Litig.*, 342 F. Supp. 2d 1346 (J.P.M.L. 2004), the Panel favored one jurisdiction over another because defendants maintained their headquarters there. The Panel transferred the cases to that district, concluding as follows:

> Either of the two suggested transferee districts, the Southern District of Ohio and the Western District of Pennsylvania, would be an appropriate transferee forum for this litigation. Numerous actions are pending in each district, and any differences in caseload and other docket conditions do not strongly favor one district over the other. ***On balance, we are persuaded that the Southern District of Ohio is a preferable transferee forum for this litigation. Two defendants maintain headquarters within the district, which implies that relevant documents and witnesses will likely be found there***. The presence of the government investigation and federal grand jury in the Southern District of Ohio also tilts toward centralization in the Southern District of Ohio.

*Id.* at 1347 (Emphasis added).

Similarly, in *In re UnumProvident Corp. Secs., Derivative, & "ERISA" Litig.*, 280 F. Supp. 2d 1377 (J.P.M.L. 2003), the Panel considered the location of defendants' headquarters and the

residence of the Individual Defendants to be important factors in deciding where to transfer the cases. Additionally, the fact that the majority of the actions were pending in one jurisdiction also influenced the Panel's decision of where to send the cases. The Panel reasoned as follows:

> We are persuaded that an appropriate transferee forum for centralized proceedings in this litigation is the Eastern District of Tennessee. We note that this is the suggested transferee district in which i) ***UnumProvident has its headquarters and many individual defendants reside, and therefore relevant witnesses and documents will likely be found there***; ii) ***the majority of the related federal court actions – thirteen of 22 – are pending before a single judge***; iii) actions brought under the federal securities laws and ERISA are pending along with actions brought derivatively by shareholders; and iv) centralization will facilitate coordination between the federal court actions and related state court litigation pending in Tennessee.

*Id*. at 1380 (Emphasis added).

The Eastern District is where all of the defendants can be found and it is where the majority of plaintiffs have filed their actions. Accordingly, there can be no real question as to its convenience.

### 2. The Actions Filed in the Southern District Appear to Have Been Filed There by Mistake

Any connection of these actions to the Southern District seems to be tenuous. Indeed, the two actions that were filed in the Southern District, *L.I.S.T., Inc. v. Veeco Instruments, Inc.*, 05-cv-2189 (filed Feb. 15, 2005 in the S.D.N.Y.) (the "*L.I.S.T.* Action") and *Roy P. Kershaw v. Veeco Instruments, Inc.*, 05-cv-2929 (filed Mar. 16, 2005 in the S.D.N.Y.) (the "*Kershaw* Action") appear to have been filed there by mistake. Specifically, in the "Venue" section of the complaint filed in the *L.I.S.T.* Action, the complaint, at ¶4 states:

> Many of the acts and transactions giving rise to the violations of law complained of herein, including the preparation and dissemination to the investing public of materially false and misleading information, occurred in this judicial district.

Similarly, the "Venue" section of the complaint filed in the *Kershaw* Action, at ¶4, states:

> Many of the acts and transactions alleged herein, including the preparation and dissemination of materially false and misleading information, occurred in substantial

part in this Judicial District. Additionally, the Company maintains a principal executive office in this Judicial District.

Counsel in both of these actions appear to have mistakenly believed that Woodbury, where defendants maintain their "principal executive office" and from where the "materially false and misleading information" "was prepar[ed] and disseminat[ed]," is located in the Southern District, and on that basis, those complaints were filed there. In fact, the "materially false and misleading information" was prepar[ed] and disseminat[ed]," from the Eastern District.

### 3.    The Eastern District Is Easily Accessible

Aside from being the location of relevant documents and witnesses, and the court where a vast majority of the actions are pending, the easy accessibility of the Eastern District – through its multiple airports – also adds to the parties' convenience. In addition to Long Island Islip MacArthur Airport, which is located near the courthouse in Central Islip, New York, the courthouse is also less than one hour's distance from both John F. Kennedy International Airport and LaGuardia Airport. The Long Island Railroad also provides transportation to the courthouse. Accordingly, the Eastern District is certainly accessible to participants in this litigation.

### 4.    The Eastern District Will Not Unfairly Prejudice Defendants

Moreover, transfer to the Eastern District will not unfairly prejudice defendants. The Eastern District is equally convenient as the Southern District for defendants and its counsel. Depositions of the Company's employees will likely occur in the Eastern District, where most of them live and work. Furthermore, the dockets of the Southern District are overloaded, while the Eastern District is equally competent and resourceful, but far less active which would give rise to a faster moving case.

### 5.    Judge Wexler Is Well-Experienced in Handling Securities Class Actions

Defendants finally argue that the Panel should transfer the actions to the Southern District since the Southern District "is especially well-equipped to handle complex multidistrict securities

litigation."[1]  Def. Mem. at 7.[2]  The actions pending in the Eastern District, however, have been assigned (or are in the process of being reassigned) to Judge Wexler, who is no stranger to securities class actions.  In fact, Judge Wexler recently oversaw the $139 million settlement in the securities class action against Symbol Technologies, Inc., *see In re Symbol Technologies, Inc. Securities Litigation*, 02-cv-1383, and is currently overseeing a securities class action against NBTY, Inc.  *See In re NBTY, Inc. Sec. Litig.*, 04-cv-2619 (E.D.N.Y.).  Accordingly, there is no need to transfer these actions to the already congested dockets of the Southern District.

---

[1]    In support of this argument, defendants cite both *In re AOL Time Warner Inc. Secs. Litig.*, 235 F. Supp. 2d 1380 (J.P.M.L. 2002) and *In re Global Crossing Ltd. Secs. & "ERISA" Litig.*, 223 F. Supp. 2d 1384 (J.P.M.L. 2002) for that proposition.  However, in *AOL Time Warner*, nineteen of the twenty-two actions were already pending in the Southern District.  In *Global Crossing*, the Panel chose the Southern District over other districts, namely the Central District of California, primarily because of its close proximity to Global Crossing's headquarters located in Ontario, Canada.

[2]    References to "Def. Mem. at __" are to Memorandum in Support of Motion of Veeco Instruments Inc., Edward H. Braun, and John F. Rein, Jr., to Transfer and Consolidate Actions for Pretrial Proceedings, dated April 29, 2005.

## III. CONCLUSION

For the foregoing reasons, defendants' motion to transfer these actions to the Southern District should be denied. It is respectfully requested that the Panel consolidate these actions and transfer them to the Eastern District.

DATED: May 24, 2005

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN (SR-7957)
DAVID A. ROSENFELD (DR-7564)
MARIO ALBA, JR. (MA-7240)


/s/ Samuel H. Rudman
SAMUEL H. RUDMAN

200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Attorneys for Plaintiff